1  Jesse J. Maddox, Bar No. 219091
   jmaddox@lcwlegal.com
2  Sue Ann Renfro, Bar No. 143122
   srenfro@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  5250 North Palm Ave, Suite 310
   Fresno, California 93704
5  Telephone:    559.256.7800
   Facsimile:    559.449.4535
6
7  Attorneys for Defendants CITY OF PORTERVILLE and
   BRUCE SOKOLOFF

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10  ANA ISABEL MORENO,                 Case No.:  1:23-cv-00541 JLT SKO

11              Plaintiff,             Complaint Filed: April 6, 2023
                                       FAC Filed: August 7, 2023
12       v.                            SAC Filed: September 6, 2023

13  CITY OF PORTERVILLE and BRUCE      **DECLARATION OF SUE RENFRO IN**
    SOKOLOFF,                          **SUPPORT OF DEFENDANTS' MOTION TO**
14                                     **DISMISS PLAINTIFF'S SECOND AMENDED**
                Defendant.             **COMPLAINT**
15
16                                     Date:      November 8, 2023
                                       Time:      9:30 a.m.
17                                     Courtroom: 7
18
19

20       I, Sue Ann Renfro, declare as follows:

21       1.      I am an attorney at law duly licensed to practice before all courts of the State of

22  California, including the United States District Court for the Eastern District of California.  I am

23  an associate at the law firm of Liebert Cassidy Whitmore, attorneys for Defendants City of

24  Porterville and Bruce Sokoloff (collectively "Defendants").

25       2.      I have personal knowledge of each matter stated herein, and if called upon to do

26  so, I could and would competently testify to each matter set forth herein.

27       3.      On April 6, 2023, Plaintiff filed and served her initial complaint against

28  Defendants.  Pursuant to this Court's Standing Order regarding meet and confer requirements, on

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

May 12, 2023, I emailed Plaintiff's counsel, Lawrence King, outlining the deficiencies of Plaintiff's initial complaint. I raised various concerns in my meet and confer email, including that Plaintiff's cause of action for "Deprivation of Civil Rights in Violation of 42 U.S.C. Section 1983" contained insufficient and conclusory allegations, and noted Defendant Sokoloff's immunity pursuant to the doctrine of qualified immunity. I also raised objection to Plaintiff's prayer for injunctive relief. A true and correct copy of my May 12, 2023, email to Mr. King is attached to this declaration as **Exhibit A**.

4.      Following our initial meet and confer efforts, Mr. King requested the opportunity to file a First Amended Complaint, and we agreed to Mr. King's request. The parties submitted a stipulation (Dkt. 9), and the Court granted Plaintiff leave to file a First Amended Complaint.

5.      On August 7, 2023, Plaintiff filed and served her First Amended Complaint. I, again, met and conferred with Mr. King regarding issues we believed subjected the First Amended Complaint to a motion to dismiss and a motion to strike. Mr. King, again, requested the opportunity to file an amended complaint, and we agreed to Mr. King's request. The parties again submitted a stipulation (Dkt. 16), and the Court subsequently granted Plaintiff leave to file a Second Amended Complaint.

6.      On August 24, 2023, Mr. King forwarded a proposed draft of Plaintiff's Second Amended Complaint ("SAC"). In his cover email, he states his belief that he addressed the concerns raised by our prior meet and confer efforts, and requests the parties to stipulate "…for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss)…" A true and correct copy of Mr. King's August 24, 2023, email is attached to this declaration as **Exhibit B**.

7.      Rather than correcting the deficiencies I had discussed with Mr. King, Plaintiff used the opportunity to add a new claim and theories. On August 29, 2023, I informed Mr. King that our office was "continuing to review and analyze" the proposed SAC. I did not relinquish Defendant's right to file a motion to dismiss or motion to strike. Additionally, I requested authority supporting Plaintiff's new claim of discrimination under Section 1 of the California Constitution on the basis of a person's sex. A true and correct copy of my August 29, 2023,

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Declaration of Sue Renfro in Support of Defendants' Motion to Dismiss
12143882.3 PO090-042

email to Mr. King is attached to this declaration as **Exhibit C**.

8.      On September 1, 2023, Mr. King responded to my email advising that the SAC "should have referenced Article 1, sections 8 and 31 of the California Constitution, rather than section 1." He also states that he will "correct that before the SAC is filed." A true and correct copy of Mr. King's September 1, 2023, email is attached to this declaration as **Exhibit D**.

9.      Before Defendant could fully meet and confer regarding the deficiencies in Plaintiff's amended pleading, Plaintiff filed and served her SAC on September 6, 2023. The claims in Plaintiff's SAC remain insufficiently pled despite multiple attempts to try to cure the deficiencies. Further, contrary to his August 29, 2023, email, Mr. King did not revise reference to Section 1 of the California Constitution in the SAC before filing the pleading.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 21st day of September 2023, at Fresno, California.

By:    /s/ Sue Ann Renfro
                Sue Ann Renfro

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Declaration of Sue Renfro in Support of Defendants' Motion to Dismiss

12143882.3 PO090-042                                                                                  3

# EXHIBIT A

**From:**          Sue Ann Renfro
**Sent:**          Friday, May 12, 2023 11:33 AM
**To:**            Lawrence King
**Cc:**            Jesse Maddox
**Subject:**       Ana Moreno v City of Porterville, et al

**Importance:**    High


Good morning Larry,

Please consider this as our meet and confer effort under the Standing Order of the United States District Court, Eastern District of California.

This office represents the City of Porterville (City) and Lieutenant Bruce Sokoloff in the above-matter.  I sent you a separate email confirming that we have now received permission to represent both defendants in the above matter.  I also left you a telephone message on Thursday, May 11, 2023.  Below is a listing of the issues which we believe subject that Complaint to a Motion to Dismiss and Motion to Strike.

1.  As a public entity, the City is immune from punitive damages liability.  A public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." (Gov. Code, § 818.)   Nor, are punitive damages available against a governmental entity under the relevant federal anti-harassment statute, Title VII.  "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." (42 U.S.C. §1981a(b)(1).)

2.  The first and third causes of action are for Sex Discrimination in Violation of Title VII and Sex Discrimination in Violation of the FEHA, respectively.  The causes of action are directed to both the City and Lieutenant Sokoloff.  These causes of action cannot be alleged against Lieutenant Sokoloff.  (See e.g., *Reno v. Baird* (1998) 18 Cal.4th 640, 645 [only the employer, and not individual supervisors, may be sued and held liable for discrimination].)

3.  The second cause of action is identified as Deprivation of Civil Rights in Violation of 42 U.S.C. Section 1983.  It is directed to both the City and Lieutenant Sokoloff.  There are vague allegations of a deprivation of rights.  However, this cause of action essentially alleges discrimination as constitutional violations, which is improper.   While the Federal Rules do not specifically prohibit pleading legal or other conclusory allegations, few if any claims can or should be pleaded in conclusory terms in federal court. This is because FRCP 8(a)(2) requires a "showing that the pleader is entitled to relief," and the Supreme Court has stated that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007).)  There are insufficient allegations to support a Section 1983 violation against the City under *Monell*.  Additionally, modern statutory discrimination rights must be asserted through statutes and may not be claimed through Section 1983.  (See *Day v. Wayne County Bd. Of Auditors*, 749 F.2d 1199.)  Finally, Lieutenant Sokoloff, the individually named defendant, is immune from Section 1983 liability under the doctrine of qualified immunity.

4..  Plaintiff's prayer also requests injunctive relief.  However, the Complaint contains no allegation to support entitlement to injunctive relief.  (*Weinberger v. Romero-Barcelo* 456 U.S. 305, 312 (1982); *Stanley v. University of Southern Calif.* 13 F.3d 1313, 1320 (9th Cir. 1994).)

The Court's Standing Order requires the parties to meet and confer so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the Court. I look forward to your response by Monday, May 15, 2023. You can reach me at either of the telephone numbers listed below.

Thank you—

Sue

**Sue Ann Renfro |** Attorney
LCW  LIEBERT CASSIDY WHITMORE
5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535  | cell: 559.260.8908
srenfro@lcwlegal.com | website

# EXHIBIT B

| | |
|---|---|
| **From:** | Lawrence King <kingesq@pacbell.net> |
| **Sent:** | Thursday, August 24, 2023 7:41 PM |
| **To:** | Sue Ann Renfro |
| **Cc:** | Jesse Maddox |
| **Subject:** | MORENO & LUCKEY SECOND AMENDED COMPLAINTS |
| **Attachments:** | SECOND AMENDED COMPLAINT.pdf; SECOND AMENDED COMPLAINT.pdf |

**CAUTION - EXTERNAL EMAIL |** DO NOT reply, click links or open attachments unless you have verified the sender and know

Sue:

Please consider this a continuation of our effort to "meet & confer" concerning the pleadings in both the Ana Moreno and the Anthony Luckey cases.

Attached are my current drafts of the Second Amended Complaints in each case. I believe I have addressed the concerns you raised in your letter and in our phone conversation. Please let me know if you agree. If so, I propose these documents be referred to, and attached to, the stipulations you are preparing with a request in each stipulation that the Court grant leave for these documents to be filed and for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss) so that we can then begin discovery and move these cases forward.

Concerning your position that the Plaintiff's cannot assert a section 1983 claim **solely** based upon Title VII, I agree. However as you will notice when you review the attached, I have clarified that the Plaintiff's section 1983 claims are also based upon the Fourteenth Amendment. The following cases makes clear that Title VII does not preempt sex and race discrimination claims that are not solely based on Title VII.

1.      *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974):

> [l]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination. In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, Inc., supra*, 390 U.S., at 402, 88 S.Ct. at 966. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. s 2000e—5(b) (1970 ed., Supp. II) (EEOC); 42 U.S.C. s 2000e—5(c) (1970 ed., Supp. II) (state and local agencies); 42 U.S.C. s 2000e—5(f) (1970 ed., Supp. II) (federal courts). And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974).

2.      *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988):

> Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment. *See Keller,* 827 F.2d at 956–63; *Ratliff v. City of Milwaukee,* 795 F.2d 612, 623–24 (7th Cir.1986) (the Fourteenth Amendment and Title VII both grant public sector employees independent rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 301 (7th Cir.1985); *Grano v. Department of Development,* 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution).

3.      *Mayfield v. Cnty. of Merced*, No. 1:13-CV-01619 LJO, 2014 WL 5822913, at *7 (E.D. Cal. Nov. 10, 2014):

> The County first argues that this claim is duplicative of Plaintiff's Title VII claim and must be dismissed. County Mem. at 15. This argument has no merit. Defendants cite to *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir.1988), for the premise that "[a] claim for deprivation of civil rights is not available under Section 1983 if plaintiff claims a direct violation of statutory rights under Title VII." County Mem. at 15. This is the *opposite* of the Ninth Circuit's holding. The Ninth Circuit actually held that "Title VII does *not* preempt an action under section 1983 for a violation of the fourteenth amendment." 870 F.2d at 1415 (emphasis added). However, *Roberts* also holds that a Section 1983 claim cannot proceed parallel to a Title VII claim if the Section 1983 claim is premised *entirely* on a violation of Title VII itself. *Id.* (recognizing that Section 1983 lawsuits "cannot be invoked when the only right violated is the Title VII right to be free of discrimination in employment."). Since Plaintiff's claim is that Defendants' conduct amounted to a violation of her right to equal protection under the Fourteenth Amendment, FAC ¶¶ 53–54, it cannot be dismissed on this basis.

4.      *Deputee v. Lodge Grass Pub. Sch.*, No. CV 15-82-BLG-SPW, 2016 WL 676363, at *4 (D. Mont. Feb. 18, 2016):

> Title VII does not preclude a separate action under § 1983 for gender discrimination. *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir. 1988). In *Roberts,* the plaintiff brought separate actions for gender discrimination under Title VII and § 1983 against her employer. *Id.* at 1414. The Ninth Circuit upheld judgments on both the Title VII and § 1983 claims and held that Title VII does not preempt an action under § 1983 for a violation of the Fourteenth Amendment. *Id.* at 1415.

> While Title VII does not preclude a § 1983 claim brought under the Fourteenth Amendment, a plaintiff cannot use § 1983 as a vehicle to vindicate statutory rights created by Title VII. *Henley v. Brown,* 686 F.3d 634, 642 (8th Cir. 2012). In other words, "Title VII provides the exclusive remedy for violations of its own terms and an employment discrimination plaintiff asserting the deprivation of rights created by Title VII must comply with the Act's procedural requirements before seeking judicial review." *Id.* at 641. In sum, a party cannot use § 1983 to remedy a violation of Title VII. *Id.* When the employer's conduct may also violate rights conferred by an independent source—such as the Fourteenth Amendment—"Title VII supplements, rather than supplants, existing remedies for employment discrimination." *Id.*

Here, Deputee can proceed with his § 1983 claim of gender discrimination that may allege a violation of the Fourteenth Amendment. Like in *Roberts*, Title VII does not preclude Deputee's separate action under § 1983 for an alleged violation of the constitutional protection against gender discrimination. However, like in *Henley*, Deputee cannot use § 1983's remedies to vindicate any rights conferred by Title VII.

Finally, I have also added a claim based upon section 1 of the California Constitution.

Larry

**EXHIBIT C**

| | |
|---|---|
| **From:** | Sue Ann Renfro |
| **Sent:** | Tuesday, August 29, 2023 3:00 PM |
| **To:** | Lawrence King |
| **Cc:** | Jesse Maddox |
| **Subject:** | RE: MORENO & LUCKEY SECOND AMENDED COMPLAINTS |

Good afternoon Larry,

We are in the process of reviewing the Second Amended Complaints as well as your authority.  Initially, we questioned the allegations that Section 1 of the California Constitution prohibits discrimination on the basis of a person's sex (Ana Moreno) or on the basis of a person's race (Anthony Luckey).  Do you have authority to support these allegations?

In the interim, we are continuing to review and analyze the proposed SACs.

Thank you—

Sue

**Sue Ann Renfro | Attorney**
LCW LIEBERT CASSIDY WHITMORE
5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535  | cell: 559.260.8908
srenfro@lcwlegal.com | website

---

**From:** Lawrence King <kingesq@pacbell.net>
**Sent:** Thursday, August 24, 2023 7:41 PM
**To:** Sue Ann Renfro <srenfro@lcwlegal.com>
**Cc:** Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** MORENO & LUCKEY SECOND AMENDED COMPLAINTS

**CAUTION - EXTERNAL EMAIL |** DO NOT reply, click links or open attachments unless you have verified the sender and know

---

Sue:

Please consider this a continuation of our effort to "meet & confer" concerning the pleadings in both the Ana Moreno and the Anthony Luckey cases.

Attached are my current drafts of the Second Amended Complaints in each case. I believe I have addressed the concerns you raised in your letter and in our phone conversation. Please let me know if you agree. If so, I propose these documents be referred to, and attached to, the stipulations you are preparing with a request in each stipulation that the Court grant leave for these documents to be filed and for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss) so that we can then begin discovery and move these cases forward.

EXHIBIT C - 1

Concerning your position that the Plaintiff's cannot assert a section 1983 claim **solely** based upon Title VII, I agree. However as you will notice when you review the attached, I have clarified that the Plaintiff's section 1983 claims are also based upon the Fourteenth Amendment. The following cases makes clear that Title VII does not preempt sex and race discrimination claims that are not solely based on Title VII.

1.      *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974):

> [l]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination. In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, Inc., supra*, 390 U.S., at 402, 88 S.Ct. at 966. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. s 2000e—5(b) (1970 ed., Supp. II) (EEOC); 42 U.S.C. s 2000e—5(c) (1970 ed., Supp. II) (state and local agencies); 42 U.S.C. s 2000e—5(f) (1970 ed., Supp. II) (federal courts). And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974).

2.      *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988):

> Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment. *See Keller,* 827 F.2d at 956–63; *Ratliff v. City of Milwaukee,* 795 F.2d 612, 623–24 (7th Cir.1986) (the Fourteenth Amendment and Title VII both grant public sector employees independent rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 301 (7th Cir.1985); *Grano v. Department of Development,* 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution).

3.      *Mayfield v. Cnty. of Merced*, No. 1:13-CV-01619 LJO, 2014 WL 5822913, at *7 (E.D. Cal. Nov. 10, 2014):

> The County first argues that this claim is duplicative of Plaintiff's Title VII claim and must be dismissed. County Mem. at 15. This argument has no merit. Defendants cite to *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir.1988), for the premise that "[a] claim for deprivation of civil rights is not available under Section 1983 if plaintiff claims a direct violation of statutory rights under Title VII." County Mem. at 15. This is the *opposite* of the Ninth Circuit's holding. The Ninth Circuit actually held that "Title VII does *not* preempt an action under section 1983 for a violation of the fourteenth amendment." 870 F.2d at 1415 (emphasis added). However, *Roberts* also holds that a Section 1983 claim cannot proceed parallel to a Title VII claim if the Section 1983 claim is premised *entirely* on a violation of Title VII itself. *Id.* (recognizing that Section 1983 lawsuits "cannot be invoked

EXHIBIT C - 2

when the only right violated is the Title VII right to be free of discrimination in employment."). Since Plaintiff's claim is that Defendants' conduct amounted to a violation of her right to equal protection under the Fourteenth Amendment, FAC ¶¶ 53–54, it cannot be dismissed on this basis.

4.      *Deputee v. Lodge Grass Pub. Sch.*, No. CV 15-82-BLG-SPW, 2016 WL 676363, at *4 (D. Mont. Feb. 18, 2016):

> Title VII does not preclude a separate action under § 1983 for gender discrimination. *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415 (9th Cir. 1988). In *Roberts*, the plaintiff brought separate actions for gender discrimination under Title VII and § 1983 against her employer. *Id.* at 1414. The Ninth Circuit upheld judgments on both the Title VII and § 1983 claims and held that Title VII does not preempt an action under § 1983 for a violation of the Fourteenth Amendment. *Id.* at 1415.

> While Title VII does not preclude a § 1983 claim brought under the Fourteenth Amendment, a plaintiff cannot use § 1983 as a vehicle to vindicate statutory rights created by Title VII. *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012). In other words, "Title VII provides the exclusive remedy for violations of its own terms and an employment discrimination plaintiff asserting the deprivation of rights created by Title VII must comply with the Act's procedural requirements before seeking judicial review." *Id.* at 641. In sum, a party cannot use § 1983 to remedy a violation of Title VII. *Id.* When the employer's conduct may also violate rights conferred by an independent source—such as the Fourteenth Amendment—"Title VII supplements, rather than supplants, existing remedies for employment discrimination." *Id.*

> Here, Deputee can proceed with his § 1983 claim of gender discrimination that may allege a violation of the Fourteenth Amendment. Like in *Roberts*, Title VII does not preclude Deputee's separate action under § 1983 for an alleged violation of the constitutional protection against gender discrimination. However, like in *Henley*, Deputee cannot use § 1983's remedies to vindicate any rights conferred by Title VII.

Finally, I have also added a claim based upon section 1 of the California Constitution.

Larry

EXHIBIT C - 3

**EXHIBIT D**

| | |
|---|---|
| **From:** | Lawrence King <kingesq@pacbell.net> |
| **Sent:** | Friday, September 1, 2023 7:55 AM |
| **To:** | Sue Ann Renfro |
| **Cc:** | Jesse Maddox |
| **Subject:** | Re: MORENO & LUCKEY SECOND AMENDED COMPLAINTS |
| | |
| **Categories:** | Moreno (Ana) v. Porterville |

**CAUTION - EXTERNAL EMAIL |** DO NOT reply, click links or open attachments unless you have verified the sender and know

Hi Sue. I should have referenced Article 1, sections 8 & 31 of the California Constitution, rather than section 1. I correct that before the SAC is filed. Larry

Sent from my iPhone

On Aug 29, 2023, at 5:59 PM, Sue Ann Renfro <srenfro@lcwlegal.com> wrote:

Good afternoon Larry,

We are in the process of reviewing the Second Amended Complaints as well as your authority.  Initially, we questioned the allegations that Section 1 of the California Constitution prohibits discrimination on the basis of a person's sex (Ana Moreno) or on the basis of a person's race (Anthony Luckey).  Do you have authority to support these allegations?

In the interim, we are continuing to review and analyze the proposed SACs.

Thank you—

Sue

**Sue Ann Renfro |** Attorney
<image001.jpg>

5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535  | cell: 559.260.8908
srenfro@lcwlegal.com | website

**From:** Lawrence King <kingesq@pacbell.net>
**Sent:** Thursday, August 24, 2023 7:41 PM
**To:** Sue Ann Renfro <srenfro@lcwlegal.com>
**Cc:** Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** MORENO & LUCKEY SECOND AMENDED COMPLAINTS

**CAUTION - EXTERNAL EMAIL** | DO NOT reply, click links or open attachments unless you have verified the sender a

Sue:

Please consider this a continuation of our effort to "meet & confer" concerning the pleadings in both the Ana Moreno and the Anthony Luckey cases.

Attached are my current drafts of the Second Amended Complaints in each case. I believe I have addressed the concerns you raised in your letter and in our phone conversation. Please let me know if you agree. If so, I propose these documents be referred to, and attached to, the stipulations you are preparing with a request in each stipulation that the Court grant leave for these documents to be filed and for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss) so that we can then begin discovery and move these cases forward.

Concerning your position that the Plaintiff's cannot assert a section 1983 claim **solely** based upon Title VII, I agree. However as you will notice when you review the attached, I have clarified that the Plaintiff's section 1983 claims are also based upon the Fourteenth Amendment. The following cases makes clear that Title VII does not preempt sex and race discrimination claims that are not solely based on Title VII.

1.      *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974):

> [l]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination. In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, Inc., supra*, 390 U.S., at 402, 88 S.Ct. at 966. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. s 2000e—5(b) (1970 ed., Supp. II) (EEOC); 42 U.S.C. s 2000e—5(c) (1970 ed., Supp. II) (state and local agencies); 42 U.S.C. s 2000e—5(f) (1970 ed., Supp. II) (federal courts). And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974).

2.      *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988):

> Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment. *See Keller,* 827 F.2d at 956–63; *Ratliff v. City of Milwaukee,* 795 F.2d 612, 623–24 (7th Cir.1986) (the Fourteenth Amendment and Title VII both grant public sector employees independent

rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 301 (7th Cir.1985); *Grano v. Department of Development,* 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution).

3.     *Mayfield v. Cnty. of Merced*, No. 1:13-CV-01619 LJO, 2014 WL 5822913, at *7 (E.D. Cal. Nov. 10, 2014):

> The County first argues that this claim is duplicative of Plaintiff's Title VII claim and must be dismissed. County Mem. at 15. This argument has no merit. Defendants cite to *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir.1988), for the premise that "[a] claim for deprivation of civil rights is not available under Section 1983 if plaintiff claims a direct violation of statutory rights under Title VII." County Mem. at 15. This is the *opposite* of the Ninth Circuit's holding. The Ninth Circuit actually held that "Title VII does *not* preempt an action under section 1983 for a violation of the fourteenth amendment." 870 F.2d at 1415 (emphasis added). However, *Roberts* also holds that a Section 1983 claim cannot proceed parallel to a Title VII claim if the Section 1983 claim is premised *entirely* on a violation of Title VII itself. *Id.* (recognizing that Section 1983 lawsuits "cannot be invoked when the only right violated is the Title VII right to be free of discrimination in employment."). Since Plaintiff's claim is that Defendants' conduct amounted to a violation of her right to equal protection under the Fourteenth Amendment, FAC ¶¶ 53–54, it cannot be dismissed on this basis.

4.     *Deputee v. Lodge Grass Pub. Sch.*, No. CV 15-82-BLG-SPW, 2016 WL 676363, at *4 (D. Mont. Feb. 18, 2016):

> Title VII does not preclude a separate action under § 1983 for gender discrimination. *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir. 1988). In *Roberts*, the plaintiff brought separate actions for gender discrimination under Title VII and § 1983 against her employer. *Id.* at 1414. The Ninth Circuit upheld judgments on both the Title VII and § 1983 claims and held that Title VII does not preempt an action under § 1983 for a violation of the Fourteenth Amendment. *Id.* at 1415.

> While Title VII does not preclude a § 1983 claim brought under the Fourteenth Amendment, a plaintiff cannot use § 1983 as a vehicle to vindicate statutory rights created by Title VII. *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012). In other words, "Title VII provides the exclusive remedy for violations of its own terms and an employment discrimination plaintiff asserting the deprivation of rights created by Title VII must comply with the Act's procedural requirements before seeking judicial review." *Id.* at 641. In sum, a party cannot use § 1983 to remedy a violation of Title VII. *Id.* When the employer's conduct may also violate rights conferred by an independent source—such as the Fourteenth Amendment—"Title VII supplements, rather than supplants, existing remedies for employment discrimination." *Id.*

Here, Deputee can proceed with his § 1983 claim of gender discrimination that may allege a violation of the Fourteenth Amendment. Like in *Roberts*, Title VII does not preclude Deputee's separate action under § 1983 for an alleged violation of the constitutional protection against gender discrimination. However, like in *Henley*, Deputee cannot use § 1983's remedies to vindicate any rights conferred by Title VII.

Finally, I have also added a claim based upon section 1 of the California Constitution.

Larry

This email message has been delivered safely and archived online by Mimecast.

EXHIBIT D - 4