Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Phil Bui, Bar No. 328471
pbui@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendant CITY OF PORTERVILLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| ANA ISABEL MORENO,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF PORTERVILLE,<br><br>                Defendant. | Case No.: 1:23-cv-00541- BAM<br><br>Complaint Filed: April 6, 2023<br>FAC Filed: August 14, 2023<br>SAC Filed: September 6, 2023<br>TAC Filed: November 8, 2024<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF ANA ISABEL MORENO'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 10, 2025<br>Time:     9:00 a.m.<br>Courtroom: 8 |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 10, 2025, at 9:00 a.m. or as soon thereafter as may be heard in Courtroom 8, Defendant City of Porterville ("City" or "Defendant") will and hereby does move to dismiss all claims for relief in Plaintiff Ana Isabel Moreno's Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure.

Defendant seeks to dismiss Plaintiff's TAC for failure to state a claim upon which relief can be granted, on the following grounds:

1.  Plaintiff's first and fourth claims, alleging sex discrimination under Title VII of the 1964 Civil Rights Act ("Title VII") and the Fair Employment and Housing Act ("FEHA"),

1

respectively, fail because Plaintiff's disparate treatment claim was dismissed by the Court without leave to amend. Further, Plaintiff fails to articulate facts that would permit even an inference of discrimination against her because of her sex causing her to voluntarily resign;

    2.    Plaintiff's second and fifth claims alleging retaliation under Title VII and the FEHA, respectively, fail to allege facts supporting the City subjected her to an adverse employment action or a causal connection;

    3.    Plaintiff's third claim, alleging deprivation of rights under 42 U.S.C § 1983, fails against the City because Plaintiff has not sufficiently pled *Monell* liability against the City;

Because Plaintiff has already had several opportunities to plead these claims for relief, and because Plaintiff cannot demonstrate that the foregoing deficiencies can be cured by amendment, Defendant respectfully seeks dismissal of Plaintiff's TAC without leave to amend.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, all pleadings and papers filed in this case, and any other oral and documentary evidence as may be presented hereafter.

Dated: December 6, 2024　　　　　　　　　　　　LIEBERT CASSIDY WHITMORE

By:   */s/ Jesse J. Maddox*
      Jesse J. Maddox
      Phil Bui
      Attorneys for Defendant CITY OF PORTERVILLE

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................6

II. FACTUAL AND PROCEDURAL BACKGROUND.........................................................7

    A. SUMMARY OF ALLEGATIONS IN TAC.............................................................7

        1. Plaintiff's Allegations Against Bruce Sokoloff ............................................7

        2. Plaintiff's New Allegations Against Other Supervisors ..............................9

    B. PROCEDURAL HISTORY......................................................................................10

III. LEGAL STANDARD............................................................................................................12

IV. LEGAL ARGUMENT ..........................................................................................................13

    A. PLAINTIFF'S FIRST AND FOURTH CLAIMS BASED ON DISPARATE TREATMENT MUST BE DISMISSED .........................................13

    B. PLAINTIFF'S FIRST AND FOURTH CLAIMS MUST BE DISMISSED BECAUSE THE TAC FAILS TO PLEAD PLAUSIBLE CLAIMS FOR SEX DISCRIMINATION BASED ON A HOSTILE WORK ENVIRONMENT...........................................................14

        1. The Court Should Not Consider Many of Plaintiff's New Allegations Because She Failed to Exhaust Her Administrative Remedies.........................................................................................15

        2. The Remainder of Plaintiff's Allegations are Deficient ............................16

    C. PLAINTIFF'S TITLE VII AND FEHA RETALIATION CLAIMS (SECOND AND FIFTH) FAIL TO ALLEGE FACTS SHOWING A CAUSAL CONNECTION....................................................................................17

    D. PLAINTIFF'S THIRD CLAIM AGAINST THE CITY FAILS BECAUSE SHE HAS NOT SUFFICIENTLY PLED *MONELL* LIABILITY BASED ON RATIFICATION.......................................................18

V. CONCLUSION......................................................................................................................20

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................................12

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) .......................................................................12

*Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) ..................................................14, 16

*Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) ....................................................................19

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001).........................................................17

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 2009)............................................................12

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502 (9th Cir. 2013) ....................12

*Faragher v City of Boca Raton,* 524 U.S. 775 (1998) ...............................................................14

*Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590 (1989).....................................14

Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840 (9th Cir. 2004).................13, 14

*Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116 (9th Cir. 2008) ...............................13

*Kurdi v. Cal. Dep't of Transportation*, No. 1:22-cv-00729-JLT-EPG, 2023 WL 267538, at *9 (E.D. Cal. Jan. 18, 2023)....................................................................18

*Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235 (9th Cir. 2013).............................................14

*Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003)...........................................................13, 14

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ..........................................................................12

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) .......................................................13

*Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-2406 (1986)..........................................................................................................................14

*Meyers v. Kendall*, No. 2:21-cv-08546-MRA (MAR), 2024 WL 3582623 (C.D. Cal. July 30, 2024) ..................................................................................................18

*Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 691 (1978) ..........................2, 18, 19

*Papantonio v. Giannini,* 149 F.2d 813 (9th Cir. 1944)..............................................................13

*Price v. Sery*, 513 F.3d 962 (9th Cir. 2008)..............................................................................19

*Ravel v. Hewlett-Packard Enter., Inc.*, 228 F.Supp.3d 1086, 1091 (E.D. Cal. 2017) ................12

*Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) ....................................................................18

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

*United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986) ........................12

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013) ......................................................17

*Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2003), as amended (Jan. 2, 2004) ...............................................................................................................................14, 16

*Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987) ........................................................................17

**State Cases**

*Cole v. Antelope Valley Union High Sch. Dist.* (1996) 47 Cal.App.4th 1505 ................................15

*Hughes v. Pair* 45 Cal.4th 1035 (2009) .........................................................................................14

*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237 .....................................18

*Rojo v. Kliger* (1990) 52 Cal.3d 65.................................................................................................15

*Sandhu v. Lockheed Missiles & Space Co.*(1994) 26 Cal.App.4th 846..........................................16

*Scotch v. Art Institute of California-Orange County, Inc.* (2009) 173 Cal.App.4th 986,................................................................................................................................................17

**Federal Statutes**

42 U.S.C. section 1983 ............................................................................................................ passim

**State Statutes**

California Code of Regulations title. 2, section 11019....................................................................15

Government Code section 12960......................................................................................................15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This action arises from Plaintiff's employment as a police officer with Defendant City of Porterville ("City"). Plaintiff contends her former supervisor Lieutenant Bruce Sokoloff ("Sokoloff") retaliated against her for "rejecting his sexual overtures," forcing Plaintiff to eventually quit her employment. Plaintiff asserts claims based upon Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Employment and Housing Act ("FEHA"), and violations of the United States Constitution.

On September 30, 2024, the Court granted the City's motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), and provided Plaintiff leave to amend as to certain causes of action. Given yet another opportunity to state her claims, Plaintiff filed her Third Amended Complaint ("TAC"). She has alleged additional facts and named additional supervisors whom she never previously described in complaints to the Equal Employment Opportunity Commission and California's Civil Rights Department ("CRD")[1], or in her three previous complaints filed in this Court.  Like the prior iterations of her complaints, Plaintiff's TAC fails to state a prima face case because she relies solely on conclusory and threadbare allegations, alleges isolated incidents that are not severe or pervasive, and fails to plead a plausible claim of causation between the adverse employment actions and any protected activity. Indeed, Plaintiff's new allegations in the TAC largely relate to irrelevant claims of sex discrimination based on disparate treatment, in direct contravention of this Court's order dismissing Plaintiff's disparate treatment claims without leave to amend.

Plaintiff's TAC is her fourth attempt to properly plead her claims for relief. The parties stipulated twice to permit Plaintiff to file amended pleadings, the TAC remains deficient, and she has not alleged facts that support her claims against the City. Plaintiff's efforts to cure the defects previously identified by Defendant prove she cannot do so; therefore, this Court should grant the motion without further leave to amend.

---

[1] Formerly known as the Department of Fair Employment and Housing ("DFEH").

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     SUMMARY OF ALLEGATIONS IN TAC

#### 1.     Plaintiff's Allegations Against Bruce Sokoloff

In September 2019, Plaintiff accepted a position as a Police Officer with the City. TAC at ¶ 22. Between March 1, 2020, and December of 2020, she reported to Bruce Sokoloff ("Sokoloff") and grew to consider him as a trusted mentor. *Id*. at ¶ 27.  She alleges, however, Sokoloff "soon began making demeaning sexual comments and inappropriate advances to Plaintiff. *Id.* at ¶ 28. On April 19, 2020, after she arrested a man for public masturbation, she alleges Sokoloff messaged Plaintiff: "He may think of u next time he plays with himself." *Id.* Then, on May 17, 2020, Sokoloff texted Plaintiff a picture of a beer and wrote, "When u don't have your kids after work I'll share one with u." *Id.* The TAC does not describe any response she made to Sokoloff's messages, or whether she reported his statements to anyone at the Police Department.

Plaintiff claims that, throughout December 2020, Sokoloff engaged in a "persistent and unwelcome romantic pursuit" of Plaintiff. TAC, ¶ 31. He texted Plaintiff to have a drink outside of work, that he was alone that weekend, and that if she came to his house that he would not tell his wife. *Id.* Plaintiff went to Sokoloff's house for dinner and drinks on December 12, 2020, and brought a friend because she felt uncomfortable and did not want to be alone with him. *Id.*

On December 28, 2020, Sokoloff began what Plaintiff calls "a three-day siege" of harassing text messages attempting to get Plaintiff to go away alone with him out of town over New Year's weekend, which made Plaintiff "extremely uncomfortable" because he was her supervisor. TAC at ¶¶ 32-34. Plaintiff alleges she experienced fear and apprehension when going to work because of Sokoloff's advances. *Id.* at ¶ 35.

Plaintiff alleges Sokoloff's intentions toward her started to change in "mid to late January" 2021, shortly after she rebuffed him. TAC, at ¶ 36. For example, Plaintiff alleges that on February 11, 2021, Sokoloff belittled Plaintiff in front of her colleagues and falsely accused her of gross incompetence by telling her she "can't do shit right." TAC at ¶ 37.

///

Between March and September of 2021, Sokoloff "created an increasingly hostile work environment" after it became known that Plaintiff and Officer Anthony Luckey "were romantically involved." TAC, at ¶¶ 49. On March 10, 2021, Sokoloff stated a 5150 mental health hold report Plaintiff prepared was "not acceptable" such that Plaintiff alleged she was being "held to a different standard than her male co-workers." *Id.* at ¶ 38. On March 11, 2021, Sokoloff warned Plaintiff that he was going to find a "nasty" transient for her to arrest and transport to the jail. TAC ¶ 39. About an hour before her shift ended, Sokoloff radioed Plaintiff and ordered her to his location. Plaintiff alleges Sokoloff put her in "a dangerous situation" by leaving Plaintiff alone at the scene, directing her to evaluate the transient for being under the influence, and to transport the suspect to jail. TAC, at ¶ 40. The transient's pants sagged, exposing his penis and behind. *Id.* Plaintiff had a canine in the back of her vehicle; therefore, she had to put the transient in the front seat of her vehicle. TAC ¶¶ 39-41. After leaving Plaintiff alone with the transient, Sokoloff went back to the Police Department and told Plaintiff's coworkers what he had done. TAC ¶ 43.

On July 21, 2021, Sokoloff told Plaintiff he needed her camera to perform a property audit after she worked on a traffic collision report and needed to take photographs. TAC, at ¶ 50. Around this time, Sokoloff told Plaintiff that she had "changed" and accused her of missing work a lot. *Id.* at ¶ 51. On August 1, 2021, Sokoloff messaged Plaintiff and informed her he was being promoted from Sergeant to Lieutenant. *Id.* at ¶ 52.

On August 18, 2021, Plaintiff was sent home ill and ordered to take a COVID test. TAC, at ¶ 53. She went with Officer Luckey to get tested for COVID; she tested positive, and he tested negative. *Id.* She told Sokoloff the results, and he ordered that Officer Luckey was not allowed to be at her house or to have any contact with her. *Id.*

On October 11, 2021, Sokoloff ordered Plaintiff to report to his office, where he wrote her up with a Personnel Incident Report ("PIR") because her body camera was not on during a September 28 traffic stop, and because she had not immediately booked the license plate from the traffic stop into the Evidence System. TAC, at ¶ 61. During the meeting, Sokoloff told Plaintiff, "I foresee that in the near future you're going to get fired, just like Luckey did." TAC, at ¶ 62.

Plaintiff contends Sokoloff continued a "retaliatory campaign" through the fall of 2021 and winter of 2022, but Plaintiff "kept a low profile." TAC, at ¶ 68. On January 29, 2022, Plaintiff requested a two-week vacation in February. *Id.* at ¶ 70. On February 3, 2022, her vacation request was approved by Cpl. Ochoa. *Id.* Later that day, Lieutenant Gurule asked Plaintiff about a rumor that she had an upcoming interview with another agency, and Plaintiff informed him that she did have an interview but was just weighing her options. *Id.* at ¶ 71. Later that afternoon, Plaintiff was told that her vacation request had been canceled by Lt. Gurule because he was suspicious that Plaintiff would serve two-weeks notice while on vacation. *Id.* at ¶ 72. Sokoloff called Plaintiff into his office and told her he was canceling her vacation but that she could submit a new request for a one-week vacation in March. *Id.* at ¶ 73.

On February 4, 2022, Plaintiff's immediate supervisors told her there would be a "routine administrative review of an incident that occurred that day in which her K-9 partner bit a plain-clothes TCSO detective while apprehending a suspect hiding in a slough." TAC ¶ 74. Sokoloff insisted that an internal affairs investigation commence. *Id*. Plaintiff was cleared in the investigation. TAC ¶ 76. Plaintiff felt she had no choice but to resign before Sokoloff allegedly "destroyed her professional reputation." TAC, at ¶ 8, 77. Plaintiff's last day with the City was March 26, 2022. TAC, at ¶ 78.

### 2.     **Plaintiff's New Allegations Against Other Supervisors**

For the first time in any forum – including this lawsuit and her administrative complaint to the EEOC – Plaintiff now contends she "was subjected to repeated unwelcome sexual advances" from two more direct supervisors while employed by the City. *Id.* at ¶ 8.[2] She alleges that Sgt. E. Martinez was assigned as her direct supervisor, and that he yelled at Plaintiff in front of her fellow officers, but that he did not criticize her male co-workers in front of other employees. *Id.* at ¶ 23. She alleges that on December 15, 2019, Sgt. Martinez spoke to Plaintiff while outside at a social gathering and said: "So if I say do this, it means you just do it.  And if I say 'Let's fuck,' it means let's fuck." *Id.* at ¶ 24. Plaintiff never addressed this incident with Sgt. Martinez. *Id.* at ¶

---

[2] See Defendant's Request for Judicial Notice, Ex. A [July 12, 2022 EEOC formal complaint of discrimination and retaliation].

9

Defendant's Motion to Dismiss Plaintiff Moreno's Third Amended Complaint

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

12669123.4 PO090-042

1  25. She alleged Sgt. Martinez had been telling fellow male officers to be "careful" around
2  Plaintiff because she was "the type who would file a complaint" and therefore Plaintiff was
3  alienated from her fellow officers because of these comments. *Id.* at ¶ 26.

4      Plaintiff also now alleges she experienced hostility and unwanted sexual advances from
5  another supervisor, Corporal Enrique Lara.  She claims Cpl. Lara was "initially openly hostile to
6  Plaintiff" and would ignore her when she asked him questions, but she did not see him ignore
7  male officers. TAC, ¶ 30. Beginning in or around December 2020/January 2021, Plaintiff alleges
8  Cpt. Lara sent her unsolicited pictures and messages asking her to spend time alone with him, to
9  which she did not respond. *Id.* at ¶ 44. On March 1, 2021, Plaintiff alleges she "documented that
10 Cpl. Lara was ignoring her because she had not responded" to his inappropriate messages. *Id.* at ¶
11 46. On May 14, 2021, Cpl. Lara sent Plaintiff a video of himself shirtless, drinking a beer and
12 asking her to come to his residence to swim alone with him, which she declined. *Id.* at ¶ 47.

13     On September 28, 2021, after returning to patrol, Plaintiff made a traffic stop of a vehicle
14 with a license plate belonging to a different vehicle. TAC, at ¶ 56. Her body camera was not
15 working, and she explained to Sgt. Lara that she did not know why it was not recording and
16 proceeded with her investigation. She removed and placed the license plate in the PPD Evidence
17 Locker. *Id.*

18     **B.  PROCEDURAL HISTORY**

19     Plaintiff's TAC is her fourth attempt to cure the deficiencies of her asserted claims. On
20 April 6, 2023, Plaintiff filed and served her initial complaint. Dkt 1. Following the parties' initial
21 meet and confer efforts, the parties submitted a stipulation (Dkt. 11), and the Court granted
22 Plaintiff leave to file an amended complaint (Dkt. 12).

23     On August 14, 2023, Plaintiff filed her First Amended Complaint. Dkt 15. After meeting
24 and conferring, the parties again submitted a stipulation for leave to amend (Dkt. 17), and the
25 Court subsequently granted Plaintiff leave to file a Second Amended Complaint (Dkt 18).

26     Plaintiff filed her Second Amended Complaint ("SAC") on September 6, 2023. Dkt 19.
27 Because the claims in Plaintiff's SAC remained insufficiently pled despite multiple meet and
28 ///

1  confer attempts to try to cure the deficiencies, on September 27, 2023, Defendant filed a motion
2  to dismiss the SAC. Dkt 20.
3        On September 30, 2024, the Court entered its order granting Defendants' motion to
4  dismiss the SAC.  Dkt. 36. As to Plaintiff's first (Title VII) and fifth claims (violation of FEHA)
5  for sex discrimination, the Court found that, "Plaintiff essentially concedes that she has not stated
6  a cognizable sex discrimination claim premised on a disparate treatment theory.  Accordingly,
7  Defendants' motion to dismiss Plaintiff's disparate treatment claims is GRANTED. **These**
8  **claims will be dismissed without leave to amend.**" Dkt. 36, at 6:24-27, emphasis added.
9  Further, as to Plaintiff's sex discrimination claims based on a hostile work environment theory,
10 the Court granted Defendant's motion to dismiss "with leave to amend." *Id.* at 10:5-6.
11       As to Plaintiff's second and sixth claims (retaliation), the Court found that, at the pleading
12 stage, Plaintiff sufficiently alleged the existence of an adverse employment action only as to three
13 of Plaintiff's six alleged adverse employment actions described in the SAC: (1) when she
14 received a formal write up in November 2021; (2) when her vacation request was cancelled in
15 February 2022; and (3) when she was subjected to an internal affairs investigation in February
16 2022. Dkt. 36, at 14:4-7.[3] However, the Court found that Plaintiff failed to sufficiently allege
17 causation as to any of the adverse employment actions and dismissed the claims with leave to
18 amend. *Id.* at p. 15. Similarly, as to Plaintiff's third cause of action for deprivation of civil rights
19 in violation of 42 U.S.C. § 1983, the Court found that Plaintiff's allegations were conclusory and
20 insufficient to state a claim against the City based on ratification and dismissed with leave to
21 amend. *Id.* at 16.
22       On November 8, 2024, Plaintiff filed the TAC. Dkt. 42.
23 ///
24 ///

---

[3] The Court held three alleged events do not rise to the level of an adverse employment action: (1) the events on March 11, 2021 related to arresting and transporting a transient to jail; (2) interfering with Plaintiff's relationship with Officer Luckey, including a direct order that Officer Luckey not take care of Plaintiff while she was home sick with COVID-19; and (3) Sokoloff's order to Plaintiff to report to him and statements informing her that he was responsible for getting Officer Luckey fired. See Dkt. 36, at p. 12:2-8 & 19-20; p. 13:12-17.

### III. **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)). A complaint cannot simply include conclusory allegations and no facts providing support. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss). Rather, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F.Supp.3d 1086, 1091 (E.D. Cal. 2017).

Further, pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, "[a] claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim." *Id.* The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). Moreover, it is inappropriate to assume that the plaintiff "can prove facts it has not alleged or that the defendants have violated the…laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897 (1983). Where a plaintiff fails to "nudge…[his or her] claims…across the line from conceivable to plausible…", the complaint is properly dismissed. *Iqbal*, 556 U.S. at 678.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). "The court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S FIRST AND FOURTH CLAIMS BASED ON DISPARATE TREATMENT MUST BE DISMISSED

Plaintiff must plead sufficient facts to state the elements of a prima facie case of discrimination. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). Under both federal and California law, a plaintiff must plead all of the following four elements for discrimination based on a disparate treatment theory: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

This Court already found that Plaintiff "has not stated a cognizable sex discrimination claim premised on a disparate treatment theory" and therefore dismissed Plaintiff's disparate treatment claims "**without leave to amend**." Dkt. 36, at 6:24-27, emphasis added. The TAC is replete, however, with new allegations of disparate impact, in contravention of the Court's order. See TAC, ¶¶2-7, 23, 26, 30, 32, 35, 38, 54, and 82. Plaintiff's newly alleged disparate treatment allegations conflate Plaintiff's sex discrimination claims with the hostile work environment claims contrary to this Court's order.  Dkt. 36; *see also Papantonio v. Giannini,* 149 F.2d 813 (9th Cir. 1944) (complaint that amalgamates separate claims into a single cause of action is uncertain and subject to motion to dismiss). The TAC's new allegations not only refer conclusory to other male police department employees but fail to articulate facts to establish that similarly situated male employees were treated more favorably than Plaintiff. Fatal to the TAC's first and fourth claims for sex discrimination, the disparate treatment allegations in the sex harassment claims fail because this Court granted Defendants' motion to dismiss **without leave to amend**.[4]

---

[4] Concurrently herewith, Defendant moves to strike these new irrelevant and immaterial disparate treatment allegations.

## B.    PLAINTIFF'S FIRST AND FOURTH CLAIMS MUST BE DISMISSED BECAUSE THE TAC FAILS TO PLEAD PLAUSIBLE CLAIMS FOR SEX DISCRIMINATION BASED ON A HOSTILE WORK ENVIRONMENT

Adverse employment actions by an employer based on sex or gender are unlawful under both FEHA and Title VII. See Gov. Code, § 12926(r)(2); *Fonseca*, 374 F.3d 840, 847; *Green*, 411 U.S. 792; *Leong*, 347 F.3d 1117, 1124. Sexual harassment via hostile work environment is a form of sex discrimination but has different elements than sex discrimination in general. To state a prima facie case for hostile work environment under FEHA or Title VII, a plaintiff must allege: (1) she is a member of a protected class; (2) being subjected to unwelcome sexual advances, conduct or comments; (3) the harassment complained of was based on sex; and (4) the harassment was so severe or pervasive as to alter the victim's employment and create an abusive working environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-2406 (1986); *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 608 (1989) ("*Fisher*").

Severe and pervasive conduct must consist of more than isolated incidents. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) ("*Faragher*"); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 542 (9th Cir. 2003), as amended (Jan. 2, 2004) ("*Vasquez")*; *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("*Brooks*"); *Hughes v. Pair,* 45 Cal.4th 1035 (2009) (holding that pervasive conduct requires a level of egregiousness that would alter the conditions of the underlying professional relationship and must be more than a few isolated incidents). Factors relevant to determining if alleged conduct is either severe or pervasive include: a) the nature of the conduct; b) its frequency and duration; c) the circumstances under which it occurred; and d) whether it was physically threatening or humiliating. *See Fisher at* 610. "Occasional, isolated, sporadic, or trivial" acts are not "sufficiently pervasive." *Id.* A plaintiff must show a "concerted pattern of harassment of a repeated, routine or a generalized nature." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). As to the nature of the conduct, "harassment" includes verbal conduct such as epithets or slurs, physical conduct such as touching or assault, visual conduct such as derogatory cartoons, and unwanted sexual advances which

///

condition an employment benefit upon an exchange of sexual favors.  (Cal. Code Regs., tit. 2, § 11019.)

Here, the first and fourth claims in the TAC fail to state any specific facts to make a prima facie case against the City for sexual discrimination, similar to the Court's ruling on the motion to dismiss. The TAC does not allege physical, verbal, visual, or sexual favor conduct that was sufficiently severe or pervasive, and that Plaintiff was subjected to on the basis of a protected characteristic. The TAC alleges in a conclusory manner that the harassing conduct was "intentional, and so severe, and pervasive." *Id.* at ¶¶ 82, 103. But contrary to the conclusory allegations, the TAC does not set forth any specific verbal, visual, physical or sexual favor conduct conditioning an employment benefit on sexual favors that was intimidating, hostile, or offensive toward Plaintiff on the basis of her sex.

### 1. The Court Should Not Consider Many of Plaintiff's New Allegations Because She Failed to Exhaust Her Administrative Remedies

Plaintiff has attempted to circumvent the Court's prior order by alleging an array of new allegations that include alleged harassment by other supervisors. The Court should not consider the new allegations because Plaintiff failed to exhaust her administrative remedies. Plaintiff's EEOC complaint did not describe any actions of any others aside from Sokoloff as the basis for her claim. Plaintiff did not even identify Sgt. Martinez or Cpl. Lara in her EEOC complaint.[5] Accordingly, Plaintiff failed to exhaust her administrative remedies to bring claims related to these employees or the particulars thereof. See, e.g., *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996) ("We conclude [Gov. Code] section 12960 clearly mandates that aggrieved persons set forth in their DFEH complaint the names of *persons* alleged to have committed the unlawful discrimination. In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge."); *Rojo v. Kliger*, 52 Cal.3d 65, 83 (1990) ("[T]he exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment

//

---

[5] See RJN, Ex. A.

1  practices by conciliation."); *Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal.App.4th 846, 858
2  (1994) (same with EEOC).

### 2.   The Remainder of Plaintiff's Allegations are Deficient

Plaintiff failed to allege facts to plausibly demonstrate severe or pervasive conduct constituting a hostile work environment. Indeed, as the Court found on the City's motion to dismiss, "Plaintiff does not allege that Sokoloff's conduct resulted in Plaintiff's inability to perform her job or that it otherwise interfered with her work performance. The alleged unwelcome conduct allegedly occurred in December 2020, but Plaintiff continued in her position through March 2022, when she voluntarily resigned." Dkt. 36, at 9:17-20. The TAC is no different. It reveals Plaintiff continued to perform her job and through the fall of 2021 and the winter of 2022 she "kept a low profile." TAC, at ¶ 68. Put another way, Plaintiff continued working for the City more than three years after Sgt. Martinez's alleged comments in December 2019 (TAC, at ¶ 24); at least 15 months following Sokoloff's alleged unwelcome December 2020 advances (TAC, ¶¶ 31-35); more than 10 months following Cpl. Lara's actions refusing to respond to her work-related inquiries, and his "repulsive video of himself naked from the waist up" (TAC, at ¶ 47) that Plaintiff now alleges to be part of a hostile work environment. The TAC fails to allege a plausible claim of hostile work environment because Plaintiff continued to perform her duties for multiple months, and even years after the alleged protected activity.

Additionally, Plaintiff does not sufficiently allege how Sokoloff's actions were based on her sex. Plaintiff does not support her allegation that she was constructively discharged, based on severe and pervasive harassment that created a hostile work environment. TAC, at ¶¶ 82-84. Taken together, Plaintiff has not stated a plausible theory of discrimination based on sex because the alleged conduct was not sufficiently severe or pervasive resulting from the sporadic conduct over several months and years. See *Farragher*, 524 U.S. at 788; see also, e.g., *Brooks*, 229 F.3d at 924; *Vasquez*, 349 F.3d at 644 (finding "two isolated offensive remarks" and other "unfair treatment" was not severe or pervasive).

///

///

C. **PLAINTIFF'S TITLE VII AND FEHA RETALIATION CLAIMS (SECOND AND FIFTH) FAIL TO ALLEGE FACTS SHOWING A CAUSAL CONNECTION**

To establish a claim for retaliation under Title VII, the TAC must sufficiently plead: (1) Plaintiff participated in protected activity under federal law; (2) an adverse employment practice; and (3) that the adverse employment action occurred because of her protected activity. 9th Cir. Jury Instruction 10.8. Regarding the third element, "a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (rejecting motivating factor test in retaliation claim). The causation element may be inferred based on the proximity in time between the protected action and the retaliatory act; however, if the proximity in time is the only evidence to support plaintiff's retaliatory act, it must be "very close" in time. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding causation may be inferred from proximity in time between acts); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001).

Similarly, to state a claim for retaliation under the FEHA, Plaintiff must allege facts to show: (1) she engaged in a protected activity under the FEHA; (2) the City subjected her to an adverse employment action; and (3) a causal link between the protected activity and the City's actions. *Scotch v. Art Institute of California-Orange County, Inc.*, 173 Cal.App.4th 986, 1020 (2009).

On the motion to dismiss the SAC, the Court found Plaintiff sufficiently alleged potential adverse employment actions at the pleading stage of (1) November 2021 formal write-up of Plaintiff and warning her that she was going to get fired, (2) canceling Plaintiff's vacation approval, and (3) insisting Plaintiff be the subject of an internal affairs investigation. Dkt. 36, at p.14:4-7.[6] However, the Court held Plaintiff failed to sufficiently allege "a causal link between

---

[6] By contrast, Plaintiff's allegations regarding the transient event on March 11, 2021 (TAC, ¶¶ 39-43), interference with Plaintiff's relationship with Officer Luckey and orders related to taking care of Plaintiff while she was home sick with COVID-19 (TAC, ¶¶ 53-54), and the orchestration of Officer Luckey's termination and direction to Plaintiff to report to Sokoloff (TAC, ¶¶ 58-60) did not rise to actionable adverse actions. (See Dkt. 36, at pp. 14-15.)

17

Defendant's Motion to Dismiss Plaintiff Moreno's Third Amended Complaint

any protected activity and the alleged adverse actions." *Id.* at 15:1-3.

Here, the TAC suffers the same defect based on the substantial gap of many months from the alleged protected activity. See, e.g., *Meyers v. Kendall*, No. 2:21-cv-08546-MRA (MAR), 2024 WL 3582623 (C.D. Cal. July 30, 2024). Like the SAC, the TAC does not allege sufficient facts showing a causal connection between the alleged adverse employment actions and any protected activity. None of the additional allegations in the TAC give rise to an inference of causation based on temporal proximity.

After the Court found the absence of a causal link, Plaintiff alleges just two potentially new relevant allegations in the TAC. First, Sokoloff's February 2021 statement to Plaintiff. TAC, at ¶ 37. Second, the complaints regarding Sokoloff's critique of her 5150 report in March 2021. TAC, at ¶ 38. But these two acts are not actionable because they were not adverse employment actions, just like Plaintiff's SAC allegations. Neither incident is alleged to have materially affected Plaintiff's compensation, terms, conditions, or privileges of employment. See, e.g., *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000); *Kurdi v. Cal. Dep't of Transportation*, No. 1:22-cv-00729-JLT-EPG, 2023 WL 267538, at *9 (E.D. Cal. Jan. 18, 2023); *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 242 (sustaining demurrer to retaliation cause of action where complaint did not allege a causal connection between the animus, the protected activity, and the retaliatory conduct).

### D. PLAINTIFF'S THIRD CLAIM AGAINST THE CITY FAILS BECAUSE SHE HAS NOT SUFFICIENTLY PLED *MONELL* LIABILITY BASED ON RATIFICATION

"A municipality cannot be held liable solely because it employs a tortfeasor – or in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

///

In *Monell*, the Court held that local governmental entities may only be liable in a Section 1983 action for alleged constitutional violations if the plaintiff meets specific requirements. 436 U.S. 658, 690 n.54.  Specifically, the *Monell* Court held that a local government entity is not liable under Section 1983 simply because its employees violated a plaintiff's constitutional rights. *Id.* at 691. "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).[7] "Ratification requires that the policymaker engage in a 'conscious, affirmative choice' to endorse a subordinate's conduct. [Citation.] Alleging 'a mere failure to overrule a subordinate's actions, without more, is insufficient' to state a claim under this theory." *Id.* at *7 [Citations.]

Here, just as in the SAC, Plaintiff has not alleged facts supporting *Monell* liability against the City. Plaintiff alleges Sokoloff acted "pursuant to a widespread practice or custom of the Porterville Police Department, of which the Porterville Policy Chief Jake Castellow and the Porterville City Council have had actual knowledge…that consisted of repeated constitutional violations in the form of sexual harassment, sex discrimination, and retaliation against female police officers which were never properly investigated and for which the violators were never disciplined or reprimanded." TAC ¶ 96. This allegation is conclusory. Plaintiff has not pled the existence of any "conscious, affirmative choice" by any final policy-making authority on behalf of the City to endorse their subordinates' conduct (whether Sokoloff's, Sgt. Martinez's or Cpl. Lara's). Like the plaintiff in *Bustamonte*, Plaintiff has not alleged facts to establish *Monell* liability because Plaintiff fails to sufficiently allege the conduct was ratified by the City. Because

///

---

[7] Plaintiff does not allege that Sokoloff had "final policy-making authority" but rather acknowledges that Sokoloff was a Sergeant through August of 2021, when the City promoted him to Lieutenant. TAC, at ¶ 52.

the basis for the *Monell* allegations is unclear, conclusory, and insufficient, the Section 1983 allegations against the City are subject to dismissal.

V. **CONCLUSION**

Despite multiple attempts to allege viable claims against the Defendant, Plaintiff has shown that she is unable to do so, and her TAC remains deficient. For that reason, Defendant requests that the Court grant its motion to dismiss and deny Plaintiff a fifth opportunity to amend her complaint.

Dated: December 6, 2024                                    Respectfully Submitted,

                                                           LIEBERT CASSIDY WHITMORE

                                                     */s/ Jesse J. Maddox*
                                              By:    Jesse J. Maddox
                                                     Phil Bui
                                                     Attorneys for Defendant CITY OF
                                                     PORTERVILLE