Lawrence J. King, Esq., #120805
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone:  707-769-9791
Fax:  707-769-9253
Email:  kingesq@pacbell.net

Attorneys for Plaintiff Ana Isabel Moreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| ANA ISABEL MORENO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE,<br><br>Defendant. | CASE NO. 1:23-cv-00541 BAM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff Ana Isabel Moreno ("Plaintiff") respectfully submits this her opposition to the motion to strike certain portions of Plaintiff's Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 12(f) filed on December 6, 2024, by City of Porterville ("City" or "Defendant"). Plaintiff opposes the instant motion on the following grounds: (i) Paragraphs 2 through 7 of the TAC are material and pertinent to Defendant's *Monell* liability based on longstanding/widespread custom or practice, and are not offered as "Disparate Treatment Allegations Barred by 9.30.24 Order" as Defendant claims; (ii) Defendant has not met its burden of establishing that factual allegations related to Sgt. Martinez and Cpl. Lara and pre-December 2020 factual allegations related to Bruce Sokoloff are barred because they were not explicitly listed in her EEOC complaint; (iii) all allegations in the TAC that allege Plaintiff was treated differently than similarly situated male officers are material and pertinent to her 42 U.S.C.

1
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Section 1983 under the Fourteenth Amendment, and are not offered to support her Title VII and FEHA hostile work environment claims in contravention of the Court's order; (iv) Paragraphs 39 through 43, 53 through 54, and 58 through 60 are material and pertinent to establishing a hostile, harassing, unsafe and intolerable work environment under her sex discrimination and retaliation/constructive discharge claims; and (v) this Court issued no final judgment that "Plaintiff was not constructively discharged," as Defendant claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises from the sexual harassment, discrimination, and retaliation to which Plaintiff was subjected while employed by the Porterville Police Department ("PPD"), and which forced an end to her law enforcement career with PPD.

After carefully detailing the deficiencies it saw in Plaintiff's Second Amended Complaint ("SAC"), this Court granted Plaintiff leave to amend to plead additional factual allegations to correct the deficiencies identified by this Court. Plaintiff endeavored to include relevant factual allegations of which she had personal knowledge in order to satisfy the concerns identified by the Court. Defendant now asks this Court to strike the additional facts intended to address the Court's concerns. Plaintiff respectfully requests that she be allowed to follow the Court's instruction provided in its order and plead the facts that support her claims. Plaintiff maintains that when properly viewed in the light most favorable to her, the factual allegations being challenged are material and pertinent to her claims *as she states them*, not as Defendant misinterprets them; are offered in support of the exact claims of liability stated in her EEOC complaint and do not attempt to add claims or defendants not included in her administrative complaint; and if given the opportunity to present her evidence in support of each allegation, they would clearly have a bearing on the subject matter of this litigation – Defendant's liability for the sex-based harassment, discrimination, hostile work environment, constructive termination, and violation of Constitutional rights suffered by Plaintiff.

## II. PROCEDURAL HISTORY

On April 6, 2023, Plaintiff filed and served her initial complaint against Defendant. Dkt. 1. On May 12, 2023, Plaintiff's counsel received an email from Defendant's counsel, Sue Ann Renfro, containing "a listing of the issues which we believe subject [the] Complaint to a Motion to Dismiss and Motion to Strike." King Declaration, at ¶1. At that time and during the parties' meet and confer efforts, Defendant raised only one issue with respect to Plaintiff's Retaliation causes of action under Title VII and FEHA, namely Plaintiff's prayer for punitive damages; and only two issues with respect to Plaintiff's Sex Discrimination claims under Title VII and FEHA, namely Plaintiff's prayer for punitive damages, and those claims being directed against then-Defendant Sokoloff. King Declaration, at ¶2.

The remaining items raised by Defendant's counsel at that time involved Plaintiff's prayer for injunctive relief and the following discrete issues concerning her Section 1983 claim: *Monell* liability, Sokoloff's alleged qualified immunity, and defense counsel's mistaken assertion that the complaint "alleges discrimination as constitutional violations, which is improper." King Declaration, at ¶3. These three Section 1983 issues were not resolved between the parties at the conclusion of the meet and confer. *Id.*

However, in drafting her First Amended Complaint ("FAC"), Plaintiff amended the punitive damages language to make it clear such damages were only being sought against Sokoloff *as requested by Defendant*, removed Sokoloff from the Title VII and FEHA sex discrimination claims *as requested by Defendant*, and removed the prayer for injunctive relief *as requested by Defendant*. King Declaration, at ¶4.

On August 14, 2023, Plaintiff filed and served her FAC. On August 22, 2023, Plaintiff's counsel received a new meet and confer email from Ms. Renfro that claimed two grounds for a motion to strike and two grounds for a motion to dismiss, <u>all of which only related to Plaintiff's Section 1983 claim</u>. King Declaration, at ¶5. Plaintiff responded to the Section 1983 concerns raised by Defendant by making additional changes to the punitive damages language in her Second

Amended Complaint ("SAC") and explicitly identifying the Fourteenth Amendment in her Section 1983 claim to correct defense counsel's continued misunderstanding that the claim was based solely on the Title VII/FEHA discrimination. King Declaration, at ¶6.

At the time of filing and serving Plaintiff's SAC on September 6, 2023, Plaintiff's counsel believed in good faith that all issues concerning four of her claims, specifically Sex Discrimination in violation of Title VII, Retaliation in violation of Title VII, Sex Discrimination in violation of FEHA, and Retaliation in violation of FEHA, had been resolved to Defendant's satisfaction because Defendants raised no issues concerning any of those four claims in their second meet and confer notice or during conference with Plaintiff's counsel. King Declaration, at ¶8.

Yet, on September 27, 2023, Defendant filed a motion to dismiss the entire SAC, including the four claims for which Plaintiff's counsel had made every amendment requested of him and to which no challenge had been raised in the prior meet and confer. King Declaration, at ¶9. The Notice of Motion misrepresented the facts by asserting "[b]ecause Plaintiff has already had several opportunities to plead these claims for relief, and because Plaintiff cannot demonstrate that the forgoing deficiencies can be cured by amendment, Defendant's respectfully seek dismissal of Plaintiff's SAC with prejudice and without leave to amend." Dkt. 20, at 2:15-18.

The Meet and Confer Certification contained in Defendant's first motion to dismiss stated, "Pursuant to the Court's standing order, the parties engaged in pre-filing meet and confer as to the Plaintiff's initial and first amended pleading," but declined to inform the Court that the majority of substantive issues presented in its motion had never been raised during those meet and confers. Dkt. 20, at 2:23-24. It then falsely asserted, "*[r]ather than correcting the deficiencies raised by Defendants' counsel*, Mr. King used the opportunity to add a new claim and theories." Dkt. 20, at 2:26-27.

On September 30, 2024, the Court entered its order granting Defendant's motion to dismiss the SAC, and granting Plaintiff leave to amend her first and fifth claims alleging sex discrimination based on a hostile work environment theory, her second and fifth claims for retaliation, and her *Monell* claim against Defendant. Dkt. 36.

On November 8, 2024, Plaintiff filed the TAC. Dkt. 42. On December 6, 2024, rather than filing a responsive pleading, Defendant filed two new Rule 12 motions, including this motion to strike. Dkts. 47 and 48.

### III.    RELEVANT ALLEGATIONS

Defendant's recitation of the "relevant allegations" does not accurately represent the TAC's factual claims or present them in the light most favorable to Plaintiff, as required in motions to strike. The allegations that Defendant omits from its factual summary, and that Plaintiff would add here, are the same that Defendant seeks to strike. Therefore, since those facts will be reviewed by the Court in deciding this motion, Plaintiff will not burden the Court with a competing version of the relevant facts.

### IV.    LEGAL STANDARD

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc*., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F.Supp.2d 1157, 1159 (E.D. Cal. 2010) (*quoting Bassett v. Ruggles*, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009)). "Motions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified School Dist*., 262 F.Supp.2d 1088, 1099 (E.D.Cal.2001). Therefore, "[b]efore a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting

the requested relief." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc*., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

## V. LEGAL ARGUMENT

| TAC ¶¶ to Strike | Defendant's Asserted Basis | Plaintiff's Response |
|---|---|---|
| ¶¶ 2-7 (in their entirety) | Immaterial, impertinent, and scandalous disparate treatment allegations, which are also barred by 9.30.24 Order to Dismiss Without Leave to Amend.<br><br>This Court already found that Plaintiff "has not stated a cognizable sex discrimination claim premised on a disparate treatment theory." Dkt. 36, p. 6:24-25. The Court dismissed Plaintiff's disparate treatment claims "**without leave to amend**." *Id.* at 6:26-27, emphasis added.<br><br>In addition, the allegations pertain to incidents involving other employees, at least one of which occurred in 2018, before Plaintiff was employed at the City (see ¶ 4). Plaintiff's TAC alleges Bruce Sokoloff discriminated and retaliated against her from 2020 to 2022, and none of the allegations involving other employees in ¶¶ 2-7 connect the harassment and discrimination of other employees to Sokoloff. The allegations are therefore immaterial to Plaintiff's claims and included only for purposes of scandal. | Paragraphs 2 through 7 of the TAC are highly material and pertinent to Defendant's *Monell* liability based on longstanding/widespread custom or practice. They are not "disparate treatment allegations… barred by 9.30.24 Order," as Defendant claims.<br><br>The Court's order granted Plaintiff leave to amend her *Monell* claims, which she has done by adding the allegations contained in Paragraphs 2 through 7 to demonstrate the unconstitutional practice or custom promulgated and endorsed by the City of Porterville and the Porterville Police Department. |
| ¶ 8 (ln. 18), ¶¶ 23-26 (in their entirety) | Immaterial and impertinent allegations re Sgt. Martinez barred by failure to exhaust administrative | Defendant has not met its burden of establishing that factual allegations related to Sgt. Martinez |

| | |
|---|---|
| remedies as to the employee and particular events. Plaintiff's EEOC complaint only alleges actions by Sokoloff "beginning in December 2020." RJN, Ex. A.<br><br>*See, e.g., Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996) ("We conclude [Gov. Code] section 12960 clearly mandates that aggrieved persons set forth in their DFEH complaint the names of *persons* alleged to have committed the unlawful discrimination. In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge."); *Rojo v. Kliger*, 52 Cal.3d 65, 83 (1990) ("[T]he exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation."); *Sandhu v.Lockheed Missiles & Space Co.*, 26 Cal.App.4th 846, 858 (1994) (same with EEOC). | and Cpl. Lara and pre-December 2020 factual allegations related to Bruce Sokoloff are barred because they were not specifically mentioned in her EEOC complaint that alleged sexual harassment, discrimination, and "a hostile work environment that eventually forced me to quit." King Declaration, Ex. E.<br><br>"When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination ***like or reasonably related to the allegations of the EEOC charge***, including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corporation* (9th Cir. 1973) 482 F.2d 569, 571 (emphasis added); *see also Okoli v Lockheed Technical Operations Co.* (1995) 36 Cal. App. 4th 1607, 1617. When determining whether incidents are "like or reasonably related to" the EEOC charge, the Court is "required under Ninth Circuit law to construe [the] EEOC charge 'with the utmost liberality.'" *EEOC v Farmer Bros. Co.* 31 F3d 891, 899 (9th Cir. 1994); *citing Kaplan v. International Alliance of Theatrical & Stage Employees* 525 F2d 1354, 1359 (9th Cir. 1975).<br><br>In our case, Plaintiff's EEOC Complaint alleged discrimination, retaliation, and "a hostile work environment that eventually forced me to quit." The allegations concerning Martinez and Lara describe their sexual harassment, |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

sex discrimination, retaliation, and contribution to Plaintiff's hostile work environment. The incidents involving Martinez and Lara are therefore like or reasonably related to – in fact, are entirely consistent with – the allegations in the EEOC, as are Sokoloff's unwelcome sexually demeaning statements made to Plaintiff earlier in 2020.

Defendant cites to a single case to support its contention that all allegations about Martinez, Lara, and pre-December 2020 Sokoloff are barred - *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996). In that case, plaintiff had attempted to add a defendant whom they failed to name in any part of the DFEH charge. It is well established that an attempt to sue a defendant who was not named in the charge's caption or the body of the administrative complaint will fail for failure to exhaust administrative remedies. Defendant, however, represents to the Court that *Cole* stands for the proposition that "Plaintiff failed to exhaust her administrative remedies to *bring claims related to these employees* [i.e, Martinez and Lara, both non-defendants) or the particulars thereof." Dkt. 48, 15:19-20. (emphasis added). There is no support for that statement in *Cole*. Nor has Plaintiff "brought claims" against Martinez and Lara; she has merely added factual allegations about them in support of her existing claims.

Although not raised by Defendant, a complaint may also fail if it

8
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | | attempts to add entirely new bases for the alleged discrimination not included in the EEOC complaint, as opposed to additional incidents of discrimination. *See, e.g., Shah v Mount Zion Hosp. & Medical Ctr.* (9th Cir 1981) 642 F2d 268, 271 (EEOC complaint alleging sex and national origin discrimination insufficient to support claims of race, color, and religious discrimination in civil action); *see also Okoli, supra,* 36 Cal. App. 4th at 1609 (plaintiff did not exhaust administrative remedies on illegal retaliatory discharge when administrative charge alleged only discrimination in promotion). Again, in her TAC, Plaintiff has only added further factual incidents of the harassment, discrimination, and retaliation alleged in her EEOC charge. Moreover, she has done so ***in direct response to*** challenges by Defendant and the Order of this Court asserting that her SAC pleaded insufficient incidents to support her claims. |
| ¶ 28 (in its entirety) | Immaterial and impertinent allegations barred by failure to exhaust administrative remedies as to pre- December 2020 conduct. Plaintiff's EEOC Complaint only alleges sexual discrimination by Sokoloff "beginning in December 2020."  RJN, Ex. A.<br><br>*See, e.g.*, *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996) ("We conclude [Gov. Code] section 12960 clearly mandates that aggrieved persons set forth in their DFEH complaint the names | Defendant has not met its burden of establishing that factual allegations related to Bruce Sokoloff's pre-December 2020 factions are barred because they were not specifically mentioned in her EEOC complaint that alleged sexual harassment, discrimination, and "a hostile work environment that eventually forced me to quit." King Declaration, Ex. E.<br><br>"When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless |

9

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | of persons alleged to have committed the unlawful discrimination. In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge."); *Rojo v. Kliger*, 52 Cal.3d 65, 83 (1990) ("[T]he exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation."); *Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal.App.4th 846, 858 (1994) (same with EEOC). | may encompass any discrimination ***like or reasonably related to the allegations of the EEOC charge***, including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corporation,* 482 F.2d 569, 571 (9th Cir. 1973) (emphasis added).<br><br>In our case, Plaintiff's EEOC Complaint alleged discrimination, retaliation, and "a hostile work environment that eventually forced me to quit." The allegations concerning Martinez and Lara describe their sexual harassment, sex discrimination, retaliation, and contribution to Plaintiff's hostile work environment. The incidents involving Martinez and Lara are therefore like or reasonably related to – in fact, are entirely consistent with – the allegations in the EEOC, as are Sokoloff's unwelcome sexually demeaning statements made to Plaintiff earlier in 2020.<br><br>Defendant cites to a single case to support its contention that all allegations about Martinez, Lara, and pre-December 2020 Sokoloff are barred - *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996). In that case, plaintiff had attempted to add a defendant whom they failed to name in any part of the DFEH charge. It is well established that an attempt to sue a defendant who was not named in the charge's caption or the body of the administrative complaint will fail for failure to exhaust administrative remedies. Defendant, however, represents to |

10
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

the Court that *Cole* stands for the proposition that "Plaintiff failed to exhaust her administrative remedies to *bring claims related to these employees* [i.e, Martinez and Lara, both non-defendants) or the particulars thereof." Dkt. 48, 15:19-20. (emphasis added). There is no support for that statement in *Cole*. Nor has Plaintiff "brought claims" against Martinez and Lara; she has merely added factual allegations about them in support of her existing claims.

Although not raised by Defendant, a complaint may also fail if it attempts to add entirely new bases for the alleged discrimination not included in the EEOC complaint, as opposed to additional incidents of discrimination. *See, e.g., Shah v Mount Zion Hosp. & Medical Ctr.* (9th Cir 1981) 642 F2d 268, 271 (EEOC complaint alleging sex and national origin discrimination insufficient to support claims of race, color, and religious discrimination in civil action); *see also Okoli, supra,* 36 Cal. App. 4th at 1609 (plaintiff did not exhaust administrative remedies on illegal retaliatory discharge when administrative charge alleged only discrimination in promotion). Again, in her TAC, Plaintiff has only added further factual incidents of the harassment, discrimination, and retaliation alleged in her EEOC charge. Moreover, she has done so ***in direct response to*** challenges by Defendant and the Order of this Court asserting that her SAC pleaded insufficient incidents to support her claims.

11
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| ¶ 30 (in its entirety), ¶ 35 (lns. 20-24), ¶¶ 44-47 (in their entirety) | Immaterial and impertinent allegations barred by failure to exhaust administrative remedies as to Cpl. Lara.<br><br>See, e.g., *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996) ("We conclude [Gov. Code] section 12960 clearly mandates that aggrieved persons set forth in their DFEH complaint the names of persons alleged to have committed the unlawful discrimination. In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge."); *Rojo v. Kliger*, 52 Cal.3d 65, 83 (1990) ("[T]he exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation."); *Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal.App.4th 846, 858 (1994) (same with EEOC). | Defendant has not met its burden of establishing that factual allegations related to Sgt. Martinez and Cpl. Lara and pre-December 2020 factual allegations related to Bruce Sokoloff are barred because they were not specifically mentioned in her EEOC complaint that alleged sexual harassment, discrimination, and "a hostile work environment that eventually forced me to quit." King Declaration, Ex. E.<br><br>"When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination ***like or reasonably related to the allegations of the EEOC charge***, including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corporation* (9th Cir. 1973) 482 F.2d 569, 571 (emphasis added); *see also Okoli v Lockheed Technical Operations Co.* (1995) 36 Cal. App. 4th 1607, 1617. When determining whether incidents are "like or reasonably related to" the EEOC charge, the Court is "required under Ninth Circuit law to construe [the] EEOC charge 'with the utmost liberality.'" *EEOC v Farmer Bros. Co.* 31 F3d 891, 899 (9th Cir. 1994); *citing Kaplan v. International Alliance of Theatrical & Stage Employees* 525 F2d 1354, 1359 (9th Cir. 1975).<br><br>In our case, Plaintiff's EEOC Complaint alleged discrimination, retaliation, and "a hostile work |

12
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

environment that eventually forced me to quit." The allegations concerning Martinez and Lara describe their sexual harassment, sex discrimination, retaliation, and contribution to Plaintiff's hostile work environment. The incidents involving Martinez and Lara are therefore like or reasonably related to – in fact, are entirely consistent with – the allegations in the EEOC, as are Sokoloff's unwelcome sexually demeaning statements made to Plaintiff earlier in 2020.

Defendant cites to a single case to support its contention that all allegations about Martinez, Lara, and pre-December 2020 Sokoloff are barred - *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996). In that case, plaintiff had attempted to add a defendant whom they failed to name in any part of the DFEH charge. It is well established that an attempt to sue a defendant who was not named in the charge's caption or the body of the administrative complaint will fail for failure to exhaust administrative remedies. Defendant, however, represents to the Court that *Cole* stands for the proposition that "Plaintiff failed to exhaust her administrative remedies to *bring claims related to these employees* [i.e, Martinez and Lara, both non-defendants) or the particulars thereof." Dkt. 48, 15:19-20. (emphasis added). There is no support for that statement in *Cole*. Nor has Plaintiff "brought claims" against Martinez and Lara; she has merely added factual

13
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | | allegations about them in support of her existing claims.<br><br>Although not raised by Defendant, a complaint may also fail if it attempts to add entirely new bases for the alleged discrimination not included in the EEOC complaint, as opposed to additional incidents of discrimination. *See, e.g., Shah v Mount Zion Hosp. & Medical Ctr.* (9th Cir 1981) 642 F2d 268, 271 (EEOC complaint alleging sex and national origin discrimination insufficient to support claims of race, color, and religious discrimination in civil action); *see also Okoli, supra,* 36 Cal. App. 4th at 1609 (plaintiff did not exhaust administrative remedies on illegal retaliatory discharge when administrative charge alleged only discrimination in promotion). Again, in her TAC, Plaintiff has only added further factual incidents of the harassment, discrimination, and retaliation alleged in her EEOC charge. Moreover, she has done so ***in direct response to*** challenges by Defendant and the Order of this Court asserting that her SAC pleaded insufficient incidents to support her claims. |
| ¶ 38 (ln. 11) | Immaterial and impertinent disparate treatment allegations barred by 9.30.24 Order to Dismiss Without Leave to Amend.<br><br>The Court found that, "Plaintiff essentially concedes that she has not stated a cognizable sex discrimination claim premised on a disparate treatment theory. Accordingly, Defendants' motion | All allegations in the TAC that allege Plaintiff was treated differently than similarly situated male officers <u>are material and pertinent to her 42 U.S.C. Section 1983 under the Fourteenth Amendment</u>, and are not offered to support her Title VII and FEHA hostile work environment claims in contravention of the Court's order, as Defendant asserts. |

14

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | to dismiss Plaintiff's disparate treatment claims is GRANTED. **These claims will be dismissed without leave to amend.**" Dkt. 36, at 6:24-27, emphasis added. | |
| ¶¶ 39 – 43, 53-54, 58-60 (in their entirety) | Immaterial and impertinent allegations per Court's 9.30.24 Order on Motion to Dismiss (finding no adverse employment actions as to these allegations).<br><br>The Court found the three alleged events are not adverse employment actions: (1) the events on March 11, 2021 related to arresting and transporting a transient to jail; (2) interfering with Plaintiff's relationship with Officer Lucky, including a direct order that Officer Luckey not take care of Plaintiff while she was home sick with COVID-19; and (3) Sokoloff's order to Plaintiff to report to him and statements informing her that he was responsible for getting Officer Lucky fired.  Dkt. 36, at 12:2-8 & 19- 24; see also p. 13:12-17. | The Order stated "Plaintiff contends [in her opposition to the motion to dismiss] that she has pled the following adverse employment actions," and then listed six incidents described in the SAC. Dkt. 36, 12:1. But Plaintiff in fact had *not* contended these were *all* adverse employment actions. Rather, Plaintiff's opposition stated, "[h]er complaint then goes on to give specific examples of his retaliation, *some of which constitute adverse actions on their own* and <u>together created a hostile work environment that altered the terms and conditions of her employment and ultimately forced her to seek alternative employment</u>," before listing the six incidents. Dkt. 30, at 5:16-19. Defendant continues to introduce confusion and waste the Court's time by claiming Plaintiff's allegations in these paragraphs are all intended to be adverse employment actions when they are not.<br><br>What Plaintiff *has* consistently claimed, from her EEOC complaint through to her TAC, is that Sokoloff "created a hostile work environment that eventually forced [her] to quit." King Declaration, Ex. E. Accordingly, the above paragraphs Defendant wants stricken <u>are material and</u> |

15
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | | pertinent both to her sex discrimination claims premised on a hostile work environment as well as her retaliation claim. They describe how Sokoloff's abusive behavior made Plaintiff's work environment hostile, harassing, unsafe and intolerable – breaking PPD policy regarding officer safety to place Plaintiff at risk of work-related injury or violence, then causing her humiliation and alienation by bragging to her co-workers about doing so; flexing his ability to force Plaintiff to no longer live with or have physical, intimate contact with her romantic partner upon threat of being fired; and then intimidating and psychologically torturing her by telling her he had caused her loved one's termination, that he had powerful friends in PPD, that higher-ups were now scrutinizing her, and then immediately presenting the quid pro quo "that if she wanted to continue her career at the PPD, she needed to make Sokoloff happy." |
| ¶ 64 (lns. 23-26) | Immaterial allegations (no allegation that Sokoloff was involved in determination to extend Sgt. Gray's probationary period). | The allegations are material and pertinent to Plaintiff's *Monell* claim of a longstanding/widespread practice or custom, in that they support the allegations contained in Paragraphs 2-3 and 7 concerning retaliatory actions taken by PPD against male officers who were allies of female officers and who complained on their behalf. Former-Sgt. Michael Gray is one of those male officers who faced discipline and false allegations that ruined his law enforcement career after he "switched teams" and began speaking out to PPD leadership |

16
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

| | | |
|---|---|---|
| | | against the Department's treatment of female officers, and who continued to support and share information with women at PPD after he was forced out. |
| ¶¶ 8 (lns. 2-3), 82 (ln. 13), 83 (lns. 22-23 & 26-1), 84 (lns. 2-4), 89 (lns. 4-5), 103 (lns. 24-25, & 4), 104 (lns. 6-7), 105 (lns. 10-12), 110 (lns. 7-9) | Immaterial allegations – Plaintiff was not constructively discharged. See Dkt. 36, at 9:19-20 ("The alleged unwelcome conduct occurred in December 2020, but Plaintiff continued in her position through March 2022, when she voluntarily resigned.") | Defendant did not ask this Court for a ruling that Plaintiff was not constructively discharged in its first motion to dismiss. The term constructive discharge was not mentioned in that motion, nor was it mentioned in the Court's order. What Defendant claims to be a final judgment on a matter central to Plaintiff's retaliation claims under Title VII and FEHA appears to be the Defendants' misunderstanding of the facts as presented in Plaintiff's SAC. Plaintiff's TAC was explicitly amended to correct that misunderstanding by pleading more clearly all of Sokoloff's retaliatory actions after December 2020 that created the hostile work environment that forced Plaintiff to give up her career at the PPD. |

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to strike.

Dated:  January 17, 2025                     Respectfully submitted,

LAW OFFICES OF LAWRENCE J. KING

By:   **/s/**  
        Lawrence J. King