Lawrence J. King, Esq., #120805
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone: 707-769-9791
Fax: 707-769-9253
Email: kingesq@pacbell.net

Attorneys for Plaintiff Ana Isabel Moreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| ANA ISABEL MORENO, | CASE NO. 1:23-cv-00541 BAM |
| Plaintiff, | |
| v. | DECLARATION OF LAWRENCE J. KING |
| CITY OF PORTERVILLE and BRUCE SOKOLOFF, | |
| Defendants. | |

I, Lawrence J. King, declare as follows:

1. On April 6, 2023, I filed and served the initial complaint in his matter on behalf of Ana Moreno ("Plaintiff"). On May 12, 2023, I received an email from Sue Ann Renfro, an associate at the law firm of Liebert Cassidy Whitmore, attorneys for Defendants City of Porterville and Bruce Sokoloff ("Defendants"). Ms. Renfro's email contained what she described as "a listing of the issues which we believe subject [the] Complaint to a Motion to Dismiss and Motion to Strike," and requested a meet and confer. A true and correct copy of Ms. Renfro's May 12, 2023, email is attached as Exhibit A.

2. In the May 12, 2023, email and during the course of the ensuing meet and confer, counsel for Defendants raised only one issue with respect to Plaintiff's causes of action for retaliation under Title VII and FEHA, namely Plaintiff's prayer for punitive damages; and only two issues with respect to Plaintiff's causes of action for sex discrimination under Title VII

1
DECLARATION OF LAWRENCE J. KING

and FEHA, namely Plaintiff's prayer for punitive damages as well as the assertion of those causes of action against Defendant Sokoloff as an individual supervisor.

3. The remaining items raised by defense counsel at that time involved Plaintiff's prayer for injunctive relief and the following discrete issues concerning her Section 1983 claim: *Monell* liability, Sokoloff's alleged qualified immunity, and defense counsel's mistaken assertion that the complaint "alleges discrimination as constitutional violations, which is improper." Those three Section 1983 issues were not resolved between the parties at the conclusion of the meet and confer.

4. In drafting the First Amended Complaint ("FAC") and responding to the concerns raised by defense counsel, I amended the punitive damages language to make it clear such damages were only being sought against Sokoloff, I removed Sokoloff from the Title VII and FEHA sex discrimination claims, and I removed the prayer for injunctive relief.

5. On August 14, 2023, I filed and served the FAC. On August 22, 2023, I received a new meet and confer email from Ms. Renfro that raised two alleged grounds for a motion to strike and two alleged grounds for a motion to dismiss, <u>all of which only related to the Section 1983 claim</u>. Ms. Renfro's email requested a response within two days, by noon on August 24, 2023. A true and correct copy of Ms. Renfro's August 22, 2023, email is attached as <u>Exhibit B</u>.

6. On August 24, 2023, I responded to Ms. Renfro and attached a draft Second Amended Complaint that I believed addressed the concerns she had raised in her email and during our subsequent phone call. In my response, I also provided case law summaries in support of Plaintiff's position that Section 1983 actions for discrimination were not "improper," as repeatedly argued by defense counsel. To correct defense counsel's continued misunderstanding that the claim was based solely on the Title VII/FEHA sex discrimination, the Second Amended Complaint ("SAC") explicitly identified the Fourteenth Amendment as the basis for the Section 1983 cause of action. The further changes defense counsel requested to the punitive damages language were also made to the SAC. A true and correct copy of my August 24, 2023, email to Ms. Renfro is attached as <u>Exhibit C</u>.

7. I did not receive any response from defense counsel until August 29, 2023, when Ms. Renfro wrote that they were still "in the process" of reviewing my August 24 email and the SAC and would be "continuing to review and analyze the proposed SAC." A true and correct copy of Ms. Renfro's August 29, 2023, email is attached as <u>Exhibit D</u>.

8. On September 6, 2023, after waiting thirteen days for <u>any</u> substantive response from defense counsel to my August 24 email or to the draft SAC, I filed and served the SAC on behalf of Plaintiff. At the time, I believed in good faith that all issues concerning four of the causes of action, specifically Sex Discrimination in violation of Title VII, Retaliation in violation of Title VII, Sex Discrimination in violation of FEHA, and Retaliation in violation of FEHA, had been resolved entirely to defense counsel's satisfaction <u>because Ms. Renfro raised no issues concerning any of those four claims in her August 24, 2023 meet and confer notice or our subsequent phone conference</u>.

9. On September 27, 2023, Defendant filed a motion to dismiss the entire SAC, including the four causes of action for which I had made every amendment requested of me before filing the FAC and to which no challenges had been raised in the meet and confer for the SAC.

10. Concerning Plaintiff's EEOC charge which has become relevant to the instant motion, I filed her EEOC complaint on July 12, 2022. The charges in the complaint were for discrimination and retaliation, and the facts alleged sexual harassment, retaliation, and "a hostile work environment that eventually forced me to quit." A true and correct copy of Plaintiff's July 12, 2022, EEOC Complaint is attached as <u>Exhibit E</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of January, 2025, at Petaluma, California.    **/s/ Lawrence J. King**
                                                                          Lawrence J. King

3
**DECLARATION OF LAWRENCE J. KING**