Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Phil Bui, Bar No. 328471
pbui@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendant CITY OF PORTERVILLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| ANA ISABEL MORENO, | Case No.: 1:23-cv-00541 BAM |
|---|---|
| Plaintiff, | Complaint Filed: April 6, 2023<br>FAC Filed: August 14, 2023<br>SAC Filed: September 6, 2023<br>TAC Filed: November 8, 2024 |
| v. | |
| CITY OF PORTERVILLE, | **DEFENDANT CITY OF PORTERVILLE'S REPLY TO PLAINTIFF ANA ISABEL MORENO'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| Defendant. | |
| | Date:          February 21, 2025<br>Time:         9:00 a.m.<br>Courtroom: 8 |

Defendant CITY OF PORTERVILLE ("City") respectfully submits the following Reply to Plaintiff ANA ISABEL MORENO's ("Plaintiff") Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"):

I.  **INTRODUCTION**

Plaintiff's Opposition fails to cure the significant deficiencies in her TAC and mischaracterizes both the legal standards and the factual allegations required to sustain her claims. While Plaintiff attempts to portray her workplace grievances as a pervasive and hostile work environment, her allegations remain a patchwork of isolated incidents, conclusory

1

assertions, and vague accusations that do not meet the standard for actionable discrimination, retaliation, or *Monell* liability. Plaintiff further seeks to expand the scope of her claims by relying on allegations not raised in her EEOC complaint, ignoring the well-established requirement that administrative remedies must be exhausted.

Contrary to Plaintiff's assertions, her claims under Title VII and FEHA lack the necessary factual support to demonstrate severe or pervasive conduct, a causal connection between her alleged protected activity and any adverse employment actions, or that Defendant acted pursuant to an unlawful policy or custom under *Monell*. Plaintiff's reliance on recent case law is misplaced, as the facts of this case fail to align with the heightened thresholds for the hostile work environment and retaliation claims established by the Ninth Circuit and California law. Furthermore, her *Monell* claim rests on conclusory allegations of widespread practices without any factual basis to plausibly suggest the City's deliberate indifference or policy of inaction.

Ultimately, Plaintiff's TAC and Opposition underscore that she has been unable to remedy the deficiencies identified by this Court in its prior dismissal order. For these reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety, without further leave to amend.[1]

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S SEX DISCRIMINATION CLAIMS (FIRST AND FOURTH CAUSES OF ACTION) SHOULD BE DISMISSED

Plaintiff's Opposition begins by attempting to recast her first claim – titled on the first page of her TAC as "**SEX DISCRIMINATION** IN VIOLATION OF TITLE VII" – and her fourth claim – titled on the first page of her TAC as "**SEX DISCRIMINATION** IN VIOLATION OF THE FEHA" – as sexual harassment claims. Opp., 5:13-16 (emphasis added). The Court's September 30, 2024 Order explicitly dismissed Plaintiff's sex discrimination claims

---

[1] Defendant will not address the "Procedural History" in Plaintiff's Opposition and the declaration from her counsel, which present a one-sided version of the parties' meet and confer efforts *before Plaintiff filed her TAC*. Those discussions have nothing to do with the deficiencies in the TAC, which is replete with new, immaterial and inflammatory allegations Plaintiff has raised in attempt to revive her dismissed claims.

2

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint

12754268.1 PO090-042

without leave to amend. Nonetheless, Plaintiff took another bite at the apple anyway and labeled the first and fourth claims in the TAC "sex discrimination." Now that Defendant has raised the issue in its motion to dismiss, Plaintiff accuses Defendant of mischaracterizing the plain language in Plaintiff's TAC and misleading the Court. Nothing could be more misleading than mislabeling a cause of action after it has been dismissed without leave to amend and then arguing that another cause of action is intended. This has been the problem with the many versions of complaints in this matter – they have continuously morphed into new theories with new allegations, which has made it difficult to understand what is being alleged. Such tactics appear to be intentional to prevent Defendant from knowing what it is defending against and to leave enough ambiguity for Plaintiff to again change the theory of the case as discovery ensues. This should not be permitted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (the complaint must give the defendant fair notice of the claim and the grounds upon which the claim rests); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (the complaint must provide fair notice and enable the defendant to defend itself effectively).

To the extent Plaintiff's first and fourth causes of action are to be treated as sex harassment claims, Plaintiff's Opposition does not address the fundamental deficiencies in her hostile work environment claims under Title VII and FEHA. Despite her reliance on *Okonowsky v. Garland*, 109 F.4th 116 (9th Cir. 2024) and other Ninth Circuit precedent, the factual allegations in her TAC fail to demonstrate conduct sufficiently severe or pervasive to alter the terms and conditions of her employment. Additionally, her new factual allegations regarding Sgt. Martinez and Cpl. Lara are both procedurally and substantively insufficient to support her claims.

### 1. Plaintiff's New Allegations Regarding Martinez and Lara are Procedurally Barred and Factually Deficient

Plaintiff's Opposition argues that her claims about Martinez and Lara are "reasonably related" to her EEOC complaint, but this argument is legally incorrect. There are two purposes for the requirement that a plaintiff first file a charge with the EEOC: "first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Chaidez v. Ford Motor Co.*, 937

F.3d 998, 1004 (7th Cir. 2019).

Plaintiff's EEOC charge – and first three complaints in this action – focused solely on alleged conduct by Sokoloff and did not reference Martinez or Lara by name, nor did it describe incidents involving them. Courts have consistently held that new allegations involving different actors or incidents not mentioned in the EEOC charge fall outside the scope of administrative exhaustion. See *Vasquez v. County of Los Angeles,* 349 F.3d 634, 645 (9th Cir. 2003); *Wills v. Superior Ct.,* 194 Cal.App.4th 312, 323-327 (2011); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1615 (1995).

The exhaustion requirement also ensures that employers are properly notified of the specific allegations against them so they can address them promptly. By failing to include allegations against Martinez and Lara in her EEOC charge, Plaintiff deprived both the City and the EEOC of an opportunity to investigate or resolve these claims during the administrative process.

Plaintiff's reliance on *Ouchibon v. North America Rockwell Corp.,* 482 F.2d 569 (9th Cir. 1973) is misplaced. *Ouchibon* discussed exhaustion in the context of an employee who notified the EEOC of all incidents she later included in her lawsuit. However, a law at the time required the EEOC to provide a charge to the FEPC before taking action, and the EEOC had not provided notice of three of the incidents to the FEPC. That law no longer exists. In contrast here, Plaintiff not only did Plaintiff fail to include the allegations against Martinez and Lara in her EEOC charge, but she also failed to include them in her first three complaints filed in this action. The Ninth Circuit has held that allegations must be reasonably related to the original EEOC charge to be actionable in a subsequent lawsuit. Here, Plaintiff's allegations concerning Martinez's comment in 2019 or Lara's text messages in 2021 are not "reasonably related" to her claim about Sokoloff's advances in December 2020.

## 2. **Plaintiff's Claims in the TAC Fail to Make a Prima Facie Case for a Hostile Work Environment**

Plaintiff's reliance on *Okonowsky* and other Ninth Circuit precedent conflates the concept of cumulative hostile work environment claims with a requirement to accept all alleged incidents

as actionable. In *Okonowsky*, the Ninth Circuit emphasized that the hostile conduct must not only target the plaintiff but also rise to a level that is pervasive, severe, and sustained enough to render the workplace intolerable. Here, Plaintiff identifies isolated and sporadic incidents, such as a single inappropriate comment from Martinez in 2019, one shirtless video from Lara in 2021, and text messages from Sokoloff in late 2020. While Plaintiff argues that these incidents collectively constitute a hostile work environment, they occurred over the span of more than two years and lack the consistent, pervasive nature required under Ninth Circuit precedent.

### 3. **Plaintiff's Allegations Against Sokoloff Are Not Severe or Pervasive**

As to Plaintiff's allegations targeting Sokoloff, Plaintiff alleges that Sokoloff sent unwanted text messages in December 2020 asking her to spend time with him outside of work, began to criticize her job performance after she rebuffed his advances, and created a hostile work environment by issuing a formal Personnel Incident Report (PIR) in October 2021 and directing an Internal Affairs investigation in February 2022. She also claims that he made her transport an intoxicated individual in an unsafe manner and told colleagues about it to humiliate her. While some of these allegations may indicate unprofessional or inappropriate behavior, they are insufficiently "severe or pervasive to alter the conditions of employment and create an abusive working environment." *Okonowsky* 109 F.4th at 1178, *citing Fried v. Wynn Las Vegas, LLC,* 18 F.4th 643, 647 (9th Cir. 2021). Sokoloff's conduct consisted of sporadic incidents spread over more than a year, with no evidence of physical threats, pervasive verbal abuse, or conduct that was so extreme as to render the workplace intolerable. Additionally, Plaintiff has not alleged she complained about any of these incidents to her supervisors, human resources, or any other authority at the Porterville Police Department during her employment.

This case is distinguishable from *Okonowsky*, where the Ninth Circuit found a hostile work environment based on a high-ranking officer's systematic use of a public social media platform to post sexist, racist, and harassing content, including materials specifically targeting the plaintiff. In *Okonowsky*, the harassment was persistent, overt, and publicly disseminated, creating a workplace atmosphere of intimidation and hostility that directly interfered with the plaintiff's ability to do her job and feel safe. Here, by contrast, Plaintiff's allegations against Sokoloff

involve private interactions that were neither ongoing nor public, and Plaintiff does not allege that Sokoloff's behavior caused an objectively hostile workplace environment affecting her colleagues or the broader workplace culture. Moreover, Plaintiff continued working at the department for over a year without reporting Sokoloff's alleged misconduct, further distinguishing this case from the systemic and pervasive harassment present in *Okonowsky*.

### 4. The Totality of the Circumstances Does Not Support a Hostile Work Environment Claim

Even when viewed collectively, the allegations lack the frequency, severity, and workplace impact required to sustain a hostile work environment claim. Plaintiff continued to work for the Porterville Police Department for over two years after Martinez's alleged comment and for more than a year after Sokoloff's advances, which undermines her claim that the workplace became intolerable. See *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110–11 (9th Cir. 2000) (finding no hostile work environment where incidents were infrequent and the plaintiff remained employed without adverse changes to her working conditions); *Higdon v. Mabus*, 5 F.Supp.3d 119 (2014) (concluding that the incidents alleged by the plaintiff, including being reassigned to different departments and experiencing stress and insomnia, were not severe or pervasive enough to unreasonably interfere with or alter her employment).

### B. PLAINTIFF'S RETALIATION CLAIMS (SECOND AND FIFTH CAUSES OF ACTION) FAIL TO ESTABLISH A CAUSAL CONNECTION

To avoid dismissal, Plaintiff's Opposition argues that she is no longer alleging a traditional retaliation claim and is now alleging a retaliatory harassment claim by incorporating the same alleged conduct by Sokoloff that supports her new sex harassment claim. Again, had Defendant not filed a motion to dismiss, it would not have known what claim it is defending.

Plaintiff's reliance on *Bailey v. San Francisco District Attorney's Office*, 16 Cal. 5th 611 (2024), to argue that a series of subtle retaliatory acts can support her claims is misplaced. While Bailey recognizes that cumulative acts may constitute retaliation, it still requires a causal connection between the alleged hostile work environment and protected activity. Additionally, *Bailey* reiterated that not all workplace grievances rise to the level of actionable retaliation under

FEHA. *Id*. at 637.  Minor annoyances, "social slights," or isolated incidents that do not materially impair the employee's job performance or career prospects are insufficient. *Ibid*.

Here, Plaintiff fails to establish that her rejection of Sokoloff's advances in December 2020 was the "but-for" cause of the alleged adverse actions.  The incidents Plaintiff cites, such as the PIR in October 2021 and the Internal Affairs investigation in February 2022, occurred months later and were unrelated to her rejection of Sokoloff's advances.  Plaintiff's new, potentially relevant allegations in the TAC (Sokoloff's February 2021 statement to Plaintiff and Sokoloff's critique of her 5150 report in March 2021), also were unrelated to her rejection of Sokoloff's advances.  TAC, at ¶ 38.  Furthermore, Plaintiff's claims lack evidence of retaliatory intent, as these actions were related to workplace performance.  Unlike in *Bailey*, where the retaliatory acts were clearly connected to the plaintiff's protected conduct, Plaintiff's allegations involve sporadic, unconnected workplace events insufficient to support a retaliation claim.  Finally, most of the alleged conduct cannot be characterized as materially adverse actions.  Courts have consistently held that supervisory oversight, disciplinary actions, and workplace investigations are not actionable unless they materially affect the terms, conditions, or privileges of employment. See *Manatt v. Bank of America*, 339 F.3d 792, 803 (9th Cir. 2003).  Plaintiff does not allege that these actions resulted in demotion, loss of pay, or any other tangible harm. Defendant respectfully requests that these claims be dismissed.

### C. PLAINTIFF'S NEW *MONELL* CLAIM SHOULD BE DISMISSED

#### 1. Plaintiff's New *Monell* Claim Is Time-Barred

Like she has done with her sex discrimination and retaliation claims, Plaintiff has used her Opposition to change her theory for *Monell* liability. All prior versions of Plaintiff's complaint alleged Sokoloff violated Plaintiff's constitutional right to intimate association and that the City ratified the violation. In Opposition to Defendant's motion to dismiss her Second Amended Complaint, Plaintiff argued that she had sufficiently alleged a *Monell* claim based on the City's ratification of Sokoloff's conduct. (Doc. 30 at 7.) This Court addressed the ratification theory in its September 30, 2024 Order and dismissed the claim on the basis that Plaintiff had not sufficiently alleged ratification. (Doc. 36 at 15-16.)

Rather than correct the deficiencies in the TAC, Plaintiff argues she has now completely changed her *Monell* theory to allege the City has a longstanding, widespread custom or practice of discrimination, harassment, and retaliation within the Porterville Police Department.  Thus, she has changed the alleged constitutional basis from "right to intimate association" to "discrimination, harassment, and retaliation," and changed the *Monell* liability for the City from being based on ratification to being based on custom and practice.

There are at least two problems with Plaintiff's new theory. First, *Monell* claims "require a plaintiff to show an underlying constitutional violation." *Lockett v. County of Los Angeles* 977 F.3d 737, 741 (9th Cir. 2020). Plaintiff has cited no authority for her new contention that discrimination, harassment, and retaliation are constitutional violations. Second, her new theory – raised nearly three years after her March 25, 2022 resignation – is barred by the two-year statute of limitations. *See Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019).

## 2. The Allegations in the TAC Are Conclusory and Lack Factual Specificity

If the Court considers Plaintiff's new theory, it should dismiss her *Monell* claim because Plaintiff has not alleged a plausible custom or practice. Plaintiff relies on Paragraph 96 of the TAC, which alleges a "widespread practice or custom" of systemic discrimination, harassment, and retaliation. However, this paragraph merely restates legal conclusions without providing the specific factual details required to support them.  To establish *Monell* liability, Plaintiff must allege specific facts showing that the City had a pervasive custom or practice so widespread that it effectively had the force of law. See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

While Plaintiff references vague claims of "other female officers" being subjected to similar conduct, she fails to allege facts, such as specific incidents, dates, or outcomes, that would demonstrate a pattern of misconduct tolerated or endorsed by policymakers.  Courts have routinely dismissed *Monell* claims based on such vague and conclusory allegations. See *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (plaintiffs must allege facts demonstrating a specific custom or practice, not merely restate legal conclusions). Without identifying concrete examples of prior incidents or systemic failures, Plaintiff's claim rests on speculation, not

8

plausibility.

### 3. **Plaintiff Fails to Satisfy the Legal Standard for *Monell* Liability.**

To establish *Monell* liability, Plaintiff must demonstrate that "the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered." *Whitaker v. Garcia*, 486 F.3d 572, 581 (9th Cir. 2007). Here, Plaintiff's allegations fall far short of meeting this standard. Plaintiff does not allege that City officials had actual or constructive knowledge of the alleged misconduct, nor does she provide facts showing that the City acted with deliberate indifference in failing to address systemic issues. Instead, her claim is based on generalized assertions about a toxic workplace culture, which are insufficient to establish that a specific policy or custom existed and caused her alleged injuries. In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the court emphasized that "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Plaintiff's TAC does not meet this standard. While she alleges a broad, systemic issue within the PPD, she fails to identify the specific conduct, policies, or customs that allegedly caused her constitutional injuries.

### 4. **Plaintiff Fails to Demonstrate a Pattern of Deliberate Indifference**

Plaintiff's *Monell* claim also fails because she has not alleged any facts showing that City officials repeatedly ignored complaints of harassment or retaliation, let alone that such failures were pervasive. A successful *Monell* claim requires evidence of repeated, documented failures that rise to the level of deliberate indifference. See *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (isolated incidents of misconduct require final policy-making authority, ratification, or deliberate indifference to establish *Monell* liability). Here, Plaintiff's allegations are limited to the conduct of individual supervisors – Sokoloff, Martinez, and Lara – without any factual allegations that City officials were aware of this conduct and failed to take corrective action. For instance, Plaintiff does not allege that she filed complaints with City officials or that other officers reported similar conduct. Without evidence of repeated and ignored complaints, there is no basis to conclude that the City maintained a custom or practice of tolerating harassment or retaliation.

Defendant respectfully requests that the Court dismiss this claim with prejudice.

## III.  CONCLUSION

Plaintiff's Opposition fails to remedy the deficiencies in her TAC. Her claims for a hostile work environment and retaliation lack the necessary factual and legal foundation to proceed, and her *Monell* claim remains conclusory and unsupported by specific allegations of a widespread custom or practice. Plaintiff has now had multiple opportunities to amend her complaint and has not addressed the fundamental deficiencies previously identified by this Court. Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety and dismiss Plaintiff's claims with prejudice.

Dated:  January 31, 2025                                LIEBERT CASSIDY WHITMORE

By:  _____
Jesse J. Maddox
Phil Bui
Attorneys for Defendant CITY OF PORTERVILLE

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **January 31, 2025,** I served the foregoing document(s) described as **DEFENDANT CITY OF PORTERVILLE'S REPLY TO PLAINTIFF ANA ISABEL MORENO'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Lawrence J. King
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone: (707) 769-9791
Facsimile: (707) 769-9253
Email: kingesq@pacbell.net

*Attorney for Plaintiff Ana Isabel Moreno*

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **January 31, 2025**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Maleena Srioudom

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

11
Proof of Service

12754268.1 PO090-042