Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Phil Bui, Bar No. 328471
pbui@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:  559.256.7800
Facsimile:  559.449.4535

Attorneys for Defendant CITY OF PORTERVILLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| ANA ISABEL MORENO,<br><br>               Plaintiff,<br><br>  v.<br><br>CITY OF PORTERVILLE,<br><br>               Defendant. | Case No.:  1:23-cv-00541 BAM<br><br>Complaint Filed: April 6, 2023<br>FAC Filed: August 14, 2023<br>SAC Filed: September 6, 2023<br>TAC Filed: November 8, 2024<br><br>**DEFENDANT CITY OF PORTERVILLE'S REPLY TO PLAINTIFF ANA ISABEL MORENO'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:        February 21, 2025<br>Time:       9:00 a.m.<br>Courtroom: 8 |

Defendant CITY OF PORTERVILLE ("City") respectfully submit the following Reply to Plaintiff ANA ISABEL MORENO's ("Plaintiff") Opposition to Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint ("TAC"):

I. **INTRODUCTION**

Plaintiff's Opposition attempts to preserve numerous immaterial, impertinent, and previously dismissed allegations by mischaracterizing their relevance and asserting legal positions contrary to established law and the Court's prior orders. Contrary to Plaintiff's assertions, the challenged allegations, including pre-December 2020 conduct and claims

1

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint

12754237.1 PO090-042

involving non-defendant individuals, are either barred for failure to exhaust administrative remedies, inconsistent with the Court's September 30, 2024 Order, or are otherwise irrelevant and prejudicial. Defendant respectfully requests that this Court grant its Motion to Strike in full, as the disputed allegations have no bearing on Plaintiff's actionable claims and are included solely to introduce scandalous and inflammatory material into the record.[1]

## II. LEGAL ARGUMENT

### A. THE CHALLENGED ALLEGATIONS ARE IRRELEVANT, IMPERTINENT, AND CONTRARY TO THE COURT'S PRIOR ORDERS

The Court's September 30, 2024, Order explicitly dismissed certain claims without leave to amend and narrowed the scope of Plaintiff's claims to those based on specific conduct by Defendant, including sex discrimination under a hostile work environment theory and retaliation claims. Dkt. 36, p. 6:26-27. Plaintiff's TAC disregards this directive by reasserting dismissed claims and including irrelevant allegations concerning conduct unrelated to the actionable claims. These allegations must be stricken under Rule 12(f) because they have no bearing on the issues in this litigation and serve only to prejudice Defendant.

#### 1. Paragraphs 2–7 Should Be Stricken as Irrelevant and Prejudicial

Paragraphs 2–7 allege a pattern of conduct involving other employees, unrelated incidents, and generalized accusations against the Porterville Police Department. These allegations do not pertain to Plaintiff's claims of sex-based hostile work environment or retaliation and do not establish a *Monell* claim. Plaintiff's *Monell* claim must be based on facts demonstrating a policy, custom, or practice that directly caused her alleged injuries. Allegations regarding unrelated grievances, incidents occurring before Plaintiff's employment, or actions involving non-party employees fail to establish such a connection and instead introduce inflammatory material aimed at painting Defendant in a negative light.

---

[1] Defendant will not address the "Procedural History" in Plaintiff's Opposition and the declaration from her counsel, which present a one-sided version of the parties' meet and confer efforts *before Plaintiff filed her TAC*. Those discussions have nothing to do with the deficiencies in the TAC, which, as Defendant's motion explains, is replete with new, immaterial and inflammatory allegations Plaintiff has raised in attempt to revive her dismissed claims.

2

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint

12754237.1 PO090-042

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

> [T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial… "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike.

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds.

### 2.  **Allegations Regarding Conduct by Sgt. Martinez and Cpl. Lara are Barred for Failure to Exhaust Administrative Remedies**

These allegations in ¶¶ 8, 23–26, and 30, as well as those involving Sgt. Martinez and Cpl. Lara, must be stricken because they were not included in Plaintiff's EEOC charge. Failure to name individuals or describe specific conduct in an EEOC complaint precludes reliance on those allegations in a subsequent lawsuit. See *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505, 1515 (1996); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1617 (1995). Plaintiff's EEOC charge identified alleged discrimination by Sokoloff beginning in December 2020. Allegations regarding other supervisors, including pre-December 2020 conduct by Sokoloff, are not "like or reasonably related" to the claims Plaintiff pursued administratively. See *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). As such, these allegations are barred and irrelevant.

### 3.  **Pre-December 2020 Conduct by Sokoloff Should Be Stricken**

Allegations in ¶ 28 regarding Sokoloff's conduct before December 2020 are immaterial and barred for failure to exhaust administrative remedies. Plaintiff's EEOC complaint specified discrimination and retaliation beginning in December 2020, and allegations of earlier conduct fall outside the scope of her administrative charge. As the Court previously ruled, Plaintiff's claims must be limited to actionable conduct occurring within the timeframe outlined in her EEOC complaint.

/ /

/ /

/ /

3

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint

12754237.1 PO090-042

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

### B.  ALLEGATIONS REGARDING INCIDENTS DEEMED NON-ADVERSE EMPLOYMENT ACTIONS SHOULD BE STRICKEN

The Court has already determined that the incidents described in ¶¶ 39–43, 53–54, and 58–60 do not rise to the level of adverse employment actions. Dkt. 36, at 12:28-8, 19-24, and p. 13:12-17.  Plaintiff improperly includes these allegations as part of her retaliation claim, despite the Court's ruling.  These paragraphs are immaterial to Plaintiff's remaining claims and risk confusing the issues by implying actionable conduct where none exists. See *Fantasy, Inc.*, 984 F.2d at 1527.  Plaintiff's Opposition asserts that not all of the incidents described in ¶¶ 39–43, 53–54, and 58–60 were adverse employment actions, but rather that some of these incidents, when taken together, contributed to a hostile work environment.  However, this argument fails because the Court has already ruled that these incidents – such as Sokoloff's statements and alleged actions regarding Plaintiff's relationship with Officer Luckey and his conduct related to the transient – do not rise to the level of adverse employment actions or create a sufficiently intolerable environment to support Plaintiff's claims. Dkt. 36, at 12:2-8 and 19-24; see also p. 13:12-17.  In *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643 (9th Cir. 2021), the Ninth Circuit held that isolated incidents and sporadic comments, even if offensive, are insufficient to establish a hostile work environment under Title VII unless they are so severe or pervasive as to alter the conditions of the plaintiff's employment.  The Court has already determined that these incidents do not rise to the level of actionable conduct under the law.  The inclusion of these allegations in the TAC improperly seeks to re-litigate issues already resolved and should be stricken to ensure clarity and streamline the litigation.

### C.  PLAINTIFF WAS NOT CONSTRUCTIVELY DISCHARGED AND ALLEGATIONS TO THE CONTRARY SHOULD BE STRICKEN

The Court noted that Plaintiff continued working for the Porterville Police Department until March 2022, well after the alleged unwelcome conduct began in December 2020.  Dkt. 36, at 9:19-20.  Allegations of constructive discharge in ¶¶ 8, 83, 84, 89, and others are conclusory, unsupported, and inconsistent with the facts as pleaded.  See *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004) (holding that constructive discharge requires proof of conditions so

4

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint

12754237.1 PO090-042

intolerable that a reasonable person would feel compelled to resign).

### D. ALLEGATIONS REGARDING RETALIATORY ACTIONS AGAINST SGT. GRAY, A NON-PARTY, IS IRRELEVANT

The allegations in ¶ 64 concerning Sgt. Gray's probationary period extension are speculative and unsupported by any assertion that Sokoloff was involved, nor are there any facts to show that the probationary extension was due to Gray speaking out against PPD leadership. Plaintiff's Opposition attempts to use these allegations to infer the existence of a widespread custom or practice of retaliation, but the allegations as asserted are unrelated to Plaintiff's claims and are entirely impertinent. Such speculative assertions fail to establish any connection to a broader unconstitutional policy or practice and instead improperly seek to expand the scope of the litigation beyond the issues at hand. "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw "unwarranted" inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (2002). These allegations should be stricken to streamline the case and avoid unnecessary prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Strike in full and strike the challenged portions of Plaintiff's TAC.

Dated: January 31, 2025                                LIEBERT CASSIDY WHITMORE

By: _____
Jesse J. Maddox
Phil Bui
Attorneys for Defendant CITY OF PORTERVILLE

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **January 31, 2025,** I served the foregoing document(s) described as **DEFENDANT CITY OF PORTERVILLE'S REPLY TO PLAINTIFF ANA ISABEL MORENO'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Lawrence J. King
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone: (707) 769-9791
Facsimile: (707) 769-9253
Email: kingesq@pacbell.net

*Attorney for Plaintiff Ana Isabel Moreno*

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **January 31, 2025**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Maleena Srioudom